IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Keith E. BROADNAX, Attorney at Law.

Supreme Court

*No. 95–2030–D. Filed March 12, 1997.*

(Also reported in 559 N.W.2d 595.)

¶ 1. PER CURIAM. We review the report of the referee recommending that the license of Attorney Keith E. Broadnax to practice law in Wisconsin be suspended for 90 days as discipline for professional misconduct and that for three years he be required to comply with specified conditions directed to his rehabilitation from alcohol and chemical dependency. Attorney Broadnax's professional misconduct consisted of his neglect of client matters, failure to communicate adequately to a client the basis of his fee, failure to refund an unearned fee, and failure to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation of misconduct allegations.

¶ 2. We determine that the recommended 90-day license suspension is appropriate discipline to impose for Attorney Broadnax's professional misconduct established in this proceeding. His failure to act in matters he had undertaken on behalf of clients, at times resulting in default judgment, and his untimely and incomplete response to the court's disciplinary authority investigating those matters constitute serious breaches of his professional obligations. In addition, we determine that imposition of the recommended conditions on his continued practice of law are appropriate. While there is no contention or evidence that his misconduct was caused by his alcohol and chemical dependency, Attorney Broadnax raised the issue of his medical condition in the course of this proceeding.

¶ 3. Attorney Broadnax was admitted to practice law in Wisconsin in 1981 and practices in Milwaukee. In November, 1989, the Board privately reprimanded him for his failure to file the findings of fact, conclusions of law and judgment in a divorce matter timely

and for his misrepresentation to the Board during its investigation that he had filed them. The referee in the instant proceeding, Attorney John R. Decker, made findings of fact and conclusions of law pursuant to the parties' stipulation.

¶ 4. In March, 1994, Attorney Broadnax was retained and paid $500 to defend a man in an action brought by an insurance company. Attorney Broadnax informed the insurer's attorney that he would be filing a motion for adjournment but failed to attend a scheduled pretrial hearing, as a result of which the plaintiff was granted a default judgment. Attorney Broadnax asked the insurer's attorney to agree to reopening the case but filed no motion to reopen the default judgment. Moreover, Attorney Broadnax did not inform his client that the $6500 default judgment had been entered against him.

¶ 5. In August, 1994, the same client was named defendant in an action by another insurer arising out of the same matter as in the prior case and retained Attorney Broadnax to represent him. Attorney Broadnax did not file a notice of appearance or an answer to the complaint, and the plaintiff obtained a default judgment in the amount of $13,291 in October, 1994. The client did not learn of this or of the prior default judgment until he applied for a loan. Attorney Broadnax repeatedly promised him and the lender that he would reopen the second judgment but took no action to do so. Other counsel retained by the client succeeded in having the second judgment set aside but was unsuccessful with the first.

¶ 6. The referee concluded, as the parties had stipulated, that Attorney Broadnax's failure to diligently represent his client in the two matters violated

SCR 20:1.3,[1] his failure to keep the client reasonably informed of the status of those matters after default judgments had been granted violated SCR 20:1.4(a),[2] his failure to tell his client the basis for his fee for representation in the matters when he accepted the $500 retainer and his failure to enter into a written fee agreement with the client violated SCR 20:1.5(b),[3] and his failure to refund the client's $500 retainer violated SCR 20:1.16(d).[4] In addition, his failure to respond to numerous requests from the Board seeking information on the client's grievance, even after obtaining an

[1] SCR 20:1.3 provides:

**Diligence**
A lawyer shall act with reasonable diligence and promptness in representing a client.

[2] SCR 20:1.4 provides, in pertinent part:

**Communication**
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

[3] SCR 20:1.5 provides, in pertinent part:

**Fees**
. . .
(b) When the lawyer has not regularly represented the client, the basis or rate of the fee shall be communicated to the client, preferably in writing, before or within a reasonable time after commencing the representation.

[4] SCR 20:1.16 provides, in pertinent part:

**Declining or terminating representation**
. . .
(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

extension of time to do so, violated SCR 21.03(4)[5] and 22.07(2).[6]

¶ 7. Attorney Broadnax also did not respond timely in 1994 to requests from the Board investigating the grievance of a client who had retained him to pursue collection of a judgment. Attorney Broadnax asserted that his failure to respond was caused in part by medical treatment but did not respond to Board requests for documentation from a physician verifying that claim. The referee concluded that his failure to cooperate with the Board's investigation violated SCR 21.03(4) and 22.07(2).

¶ 8. In another matter, Attorney Broadnax was retained in March, 1995 by a client to serve an eviction notice on a tenant, but the client immediately canceled that representation when the tenant paid the overdue rent. The client had given Attorney Broadnax a check

---

[5] SCR 21.03 provides, in pertinent part:

**General principles.**

. . .

(4) Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6] SCR 22.07 provides, in pertinent part:

**Investigation.**

. . .

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

for $166 for his services, which Attorney Broadnax negotiated. When the client repeatedly asked him to return that money, Attorney Broadnax told her that his "consulting fee" was $60 and said he would return the remainder promptly. When he did not do so, the client contacted the Board, and the Board asked Attorney Broadnax for an explanation. Attorney Broadnax did not respond to that request or to subsequent requests sent by certified mail. The client ultimately received a $160 refund.

¶ 9. The referee concluded that Attorney Broadnax failed to take steps to the extent reasonably practicable to protect his client's interests when he failed to return promptly her advance payment of fees that he had not earned, in violation of SCR 20:1.16(d), and failed to cooperate in the Board's investigation of the client's grievance, in violation of SCR 21.03(4) and 22.07(2).

¶ 10. The final matter considered in this proceeding concerned Attorney Broadnax's failure in the summer of 1995 to respond to requests from the Board for information concerning the grievance of a client who had retained him in a criminal matter. After failing to respond to subsequent certified mail requests for information, Attorney Broadnax was served personally with a notice to attend a meeting with the Board's staff investigating the matter. In September, 1995, he notified the Board that he was hospitalized in a psychiatric hospital and was unable to respond. The investigative interview was rescheduled and Attorney Broadnax was asked to bring to it his client's file and a statement from his treating physician regarding his condition. Attorney Broadnax appeared but did not bring any statement regarding his medical condition as requested. Thereafter, he did not respond to requests

for information regarding the grievance. The referee concluded that Attorney Broadnax thus violated SCR 21.03(4) and 22.07(2).

¶ 11. In the course of this proceeding, Attorney Broadnax asserted that he had not filed an answer to the Board's complaint because of a psychiatric problem for which he was undergoing medical treatment. The proceeding was adjourned pending Attorney Broadnax's inpatient treatment, and the referee appointed a physician to examine him and file a report concerning his medical capacity to participate in this proceeding and to practice law. Medical reports filed by that physician and by Attorney Broadnax's treating physician disclosed his history of cocaine and cannabis dependence and a mental disorder, for all of which he was receiving treatment.

¶ 12. As discipline for his professional misconduct, the referee recommended that Attorney Broadnax's license to practice law be suspended for 90 days. In addition, the referee recommended that he be required to refund to the client in the insurance litigation the $500 retainer he did not earn and pay the costs of this proceeding. In response to his documented medical condition, the referee further recommended that Attorney Broadnax's continued practice of law be made subject to his compliance with specified conditions directed to his continued treatment and rehabilitation, including abstinence from alcohol and controlled substances, periodic drug screens, and regular reports to the Board of his treatment progress.

¶ 13. We adopt the referee's findings of fact and conclusions of law and determine that the recommended 90-day license suspension is appropriate discipline to impose for Attorney Broadnax's professional misconduct in these matters. We also require

him to refund the client's unearned retainer and pay the costs of this proceeding. Finally, we impose for a period of three years the conditions specified in the referee's report.

¶ 14. IT IS ORDERED that the license of Keith E. Broadnax to practice law in Wisconsin is suspended for a period of 90 days, effective the date of this order.

¶ 15. IT IS FURTHER ORDERED that within 60 days of the date of this order Keith E. Broadnax refund the retainer to his former client as specified in the report of the referee.

¶ 16. IT IS FURTHER ORDERED that within 60 days of the date of this order Keith E. Broadnax pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Keith E. Broadnax to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 17. IT IS FURTHER ORDERED that for a period of three years from the date of this order Keith E. Broadnax comply with the conditions specified in the report of the referee concerning treatment of his medical condition.

¶ 18. IT IS FURTHER ORDERED that Keith E. Broadnax comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.