IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mark A. SOSTARICH, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant,

v.

Mark A. SOSTARICH,
Respondent.

Supreme Court

*No. 2004AP1911–D. Decided June 29, 2005.*

2005 WI 97

(Also reported in 698 N.W.2d 711.)

¶ 1. PER CURIAM. We review, pursuant to SCR 22.17(2),[1] the report and recommendation filed by referee, John Decker, in this disciplinary proceeding involving Attorney Mark E. Sostarich.

¶ 2. Attorney Sostarich was admitted to practice in 1978. He has no prior disciplinary history. On May 18, 2004, this court summarily suspended Attorney Sostarich's license to practice law in Wisconsin pursu-

---

[1] SCR 22.17(2) provides: Review; appeal.

(2) If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

ant to SCR 22.20(1),[2] upon learning that he had pled guilty in federal court to one count of conspiracy to commit offenses involving federal program funds under Title 18, U.S.C. §§ 371, 666, 1341 and 1346. *United States v. Sostarich,* No. 03 CR 260 (E.D. Wis. 2005).

¶ 3. On July 19, 2004, the Office of Lawyer Regulation (OLR) filed a disciplinary complaint against Sostarich alleging that by virtue of his conviction in federal court he had violated SCR 20:8.4(b), which provides that it is professional misconduct to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." The parties jointly agreed that the referee would defer his recommendation until Sostarich was sentenced in federal district court, which, after some procedural delays, occurred in March 2005.

¶ 4. On May 16, 2005, the referee filed his report and recommendation. The parties have agreed not to appeal the report.

¶ 5. The factual background giving rise to Sostarich's conviction will be summarized briefly. The complaint filed against Sostarich in the federal court alleged that Sostarich improperly provided former State Senator Gary George (George) with a portion of funds Sostarich obtained in connection with legal

---

[2] SCR 22.20(1) provides: Summary license suspension on criminal convictions.

(1) *Summary suspension.* Upon receiving satisfactory proof that an attorney has been found guilty or convicted of a serious crime, the supreme court may summarily suspend the attorney's license to practice law pending final disposition of a disciplinary proceeding, whether the finding of guilt or the conviction resulted from a plea of guilty or no contest or from a verdict after trial and regardless of the pendency of an appeal.

714

work he performed for the Police Athletic League (PAL), a non-profit organization providing educational and recreational opportunities for youth in Milwaukee. The complaint alleged further that George, who was on the PAL board of directors, received more than $50,000 as a result of this arrangement.[3] George's participation and receipt of fees relating to the PAL legal work was not disclosed to other PAL board members until October 2003, when the matter was already the subject of a criminal investigation. Sostarich accepted a plea agreement and entered a guilty plea to the charge on January 30, 2004.

¶ 6.  On March 11, 2005, Sostarich was sentenced in federal court to three years probation, conditioned on 150 days of home confinement under the usual conditions of home confinement, including electronic monitoring. Sostarich was also ordered to make restitution to PAL in the amount of $42,649 and to perform 75 hours of community service.

¶ 7.  A hearing was conducted in the disciplinary matter on April 12 and 13, 2005. The referee made his recommendations at the close of the hearing and filed his formal report on May 16, 2005.

---

[3] Former Senator George was indicted in 2003 on charges that he accepted kickbacks in exchange for exercising political influence, which extended over federal grants as well as programs financed by state revenues. He pled guilty to violating Title 18, U.S.C. 371 (conspiracy to defraud the United States) as part of a bargain in which the prosecutor dismissed all other charges, and he was sentenced to 48 months of imprisonment, plus restitution. *See United States v. George*, 403 F.3d 470 (7th Cir. 2005). His license to practice law was summarily suspended by order of this court on March 9, 2004.

█

¶ 8. After enumerating the circumstances, the referee concluded that the OLR had established by clear and convincing evidence that, by engaging in conduct resulting in his conviction of one count of conspiracy to commit mail fraud in violation of Title 18, U.S.C. § 371, Sostarich committed a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b). We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We also agree with the referee's conclusions of law that Attorney Sostarich engaged in professional misconduct and turn to the question of the appropriate discipline for this misconduct.

¶ 9. The referee incorporated into his report the recommendation statements he made on the record at the close of the disciplinary hearing, recommending that Sostarich be suspended for a period of one year, retroactive to the date of his summary suspension on May 18, 2004. We consider these statements together with the report and recommendation.

█

¶ 10. The referee noted at the hearing that the OLR had recommended an 18–month suspension, and Attorney Sostarich requested a suspension of 90 days. The referee proceeded to discuss the nature of Sostarich's violation, noting the seriousness of the charge to which Sostarich pled guilty.

¶ 11. The referee also considered Sostarich's poor health, his family commitments, and remarked on Sostarich's very extensive community and volunteer service, particularly his "long and distinguished record of pro bono service to individual clients." He noted that Sostarich accepted full responsibility for his actions and

has cooperated fully with federal and OLR investigators and prosecutors.

¶ 12. While acknowledging the "substantial amount of seriousness" of Sostarich's misconduct, the referee explained that he was influenced by the many mitigating circumstances and by testimony of one of the injured clients, who volunteered "I think Mark [Sostarich] got snookered, just as we did." The referee was clearly moved by Sostarich's sincere remorse.

¶ 13. We have carefully considered the referee's recommendation as to discipline. However, Attorney Sostarich pleaded guilty to a serious felony charge; we are not persuaded that a retroactive suspension of 12 months is sufficient discipline for the serious misconduct committed in this matter.

¶ 14. We conclude that the OLR's recommended suspension of 18 months is more appropriate to the serious nature of the underlying conviction, but agree with the referee that the suspension should be imposed retroactive to the date on which Sostarich's license to practice law was summarily suspended based on the criminal conviction. We further conclude that Attorney Sostarich should be required to pay the costs of the proceeding.[4]

¶ 15. IT IS ORDERED that Attorney Mark E. Sostarich's license to practice law in Wisconsin is suspended for a period of 18 months, retroactive to May 18, 2004.

¶ 16. IT IS FURTHER ORDERED that, if he has not already done so, Attorney Mark E. Sostarich comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

---

[4] Final costs have yet to be determined in this matter.

¶ 17. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Mark E. Sostarich pay to the Office of Lawyer Regulation the costs of this proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay those costs within that time, the license of Attorney Mark E. Sostarich to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 18. DAVID T. PROSSER and LOUIS B. BUTLER, JR., J.J. did not participate.