IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Mark E. SOSTARICH, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mark E. SOSTARICH, Respondent.

Supreme Court

*No. 2004AP1911–D. Decided March 17, 2006.*

2006 WI 24

(Also reported in 710 N.W.2d 904.)

¶ 1.   PER CURIAM.   We review a referee's report recommending that Attorney Mark E. Sostarich's license to practice law in Wisconsin be reinstated. The Office of Lawyer Regulation (OLR) and the Board of Bar Examiners (BBE) have both joined in that favorable recommendation.

¶ 2.   After careful consideration, we adopt the referee's findings of fact and conclusions of law and conclude that Attorney Sostarich's license to practice law should be reinstated. We direct Attorney Sostarich to pay the costs of the reinstatement proceeding.

¶ 3.   Attorney Sostarich was admitted to practice law in Wisconsin in 1978. On May 18, 2004, this court summarily suspended his license to practice law upon learning that he had pled guilty in federal court to one count of conspiracy to commit offenses involving federal program funds under Title 18, U.S.C. §§ 371, 666, 1341 and 1346 in connection with a public corruption scandal involving former Senator Gary George. *United States v. Sostarich,* No. 03 CR 260 (E.D. Wis. 2005). *See* SCR 22.20(1).[1]

¶ 4.   An attorney disciplinary investigation was conducted and on June 29, 2005, this court suspended Attorney Sostarich's license to practice law for a period

[1] SCR 22.20(1) provides: Summary license suspension on criminal convictions.

(1) *Summary suspension.* Upon receiving satisfactory proof that an attorney has been found guilty or convicted of a serious crime, the supreme court may summarily suspend the attorney's license to practice law pending final disposition of a disciplinary proceeding, whether the finding of guilt or the conviction resulted from a plea of guilty or no contest or from a verdict after trial and regardless of the pendency of an appeal.

of 18 months. In so doing we rejected as insufficient the referee's recommendation for a 12–month suspension. We ruled that Attorney Sostarich had committed a criminal act that reflected adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b) when he engaged in the conduct resulting in the aforementioned criminal conviction. The suspension was imposed retroactive to the date his summary suspension took effect. Attorney Sostarich was also directed to pay the costs of that disciplinary proceeding. *See In re Disciplinary Proceedings Against Sostarich,* 2005 WI 97, 282 Wis. 2d 712, 698 N.W.2d 711.

¶ 5. Attorney Sostarich now seeks reinstatement of his license to practice law in Wisconsin. Consistent with our standard practice, the matter was submitted to a referee for consideration.

¶ 6. On December 21, 2005, Referee Kim Peterson conducted a formal hearing on the reinstatement petition. Referee Peterson filed a report and recommendation on January 18, 2006, recommending this court grant the petition for reinstatement. The OLR and the BBE have both joined in that favorable recommendation.

¶ 7. SCR 22.31(1) provides the standard to be met for reinstatement of a law license. The petitioner must meet the burden of demonstrating "by clear, satisfactory, and convincing evidence" that the lawyer has the moral character to practice law, that the lawyer's resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the lawyer has complied with SCR 22.26 and the terms of the suspension.

¶ 8. In addition, SCR 22.29(4) sets forth related requirements that a petition for reinstatement must

show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶ 9. Here, the referee concluded that Attorney Sostarich had met all of the criteria for reinstatement, including compliance with repayment obligations, and has met his burden of demonstrating that his license to practice law in Wisconsin should be reinstated. The referee specifically noted that "the prior misconduct, for which Mr. Sostarich was sanctioned, is really an aberration in his life as an attorney, and not part of a pattern of improper behavior."

¶ 10. We note further that Attorney Sostarich cooperated fully in the underlying federal criminal proceeding, self-reported his conviction to the OLR, and is complying fully with the criminal penalties imposed upon him in the criminal proceeding. On March 11, 2005, Attorney Sostarich was sentenced in federal court to three years probation, conditioned on 150 days of home confinement with the usual conditions of home confinement, including electronic monitoring. He was also ordered to pay restitution to the Police Athletic League in the amount of $42,649 and to perform 75 hours of community service. We note that during the sentencing proceeding in the federal court, the sentencing judge considered Attorney Sostarich's significant health concerns, commented that there was no real financial gain to Attorney Sostarich, and commented very favorably on Attorney Sostarich's otherwise stellar record of community and public service.

¶ 11. After careful review of the record we agree that Attorney Sostarich has established by clear, satisfactory, and convincing evidence that he has satisfied all the criteria necessary for reinstatement. We note fur-

ther that he was suspended for a period of 18 months and his license has now been under suspension nearly two years.

¶ 12.  Accordingly, we adopt the referee's findings of fact and conclusions of law and we accept the referee's recommendation to reinstate Attorney Sostarich's license to practice law in Wisconsin. We direct Attorney Sostarich to pay the costs of this reinstatement proceeding, which total $2022.35 as of March 2, 2006.

¶ 13.  IT IS ORDERED that the petition for reinstatement of the license of Mark E. Sostarich to practice law in Wisconsin is granted, effective the date of this order.

¶ 14.  IT IS FURTHER ORDERED that within six months of the date of this order Mark E. Sostarich pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of Mark E. Sostarich to practice law in Wisconsin shall be suspended until further order of the court.

¶ 15.  DAVID T. PROSSER and LOUIS B. BUTLER, JR., J.J. took no part.