IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
William J. GILBERT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

William J. GILBERT, Respondent.

Supreme Court

*No. 03–0445–D. Decided October 7, 2003.*

2003 WI 131

(Also reported in 669 N.W.2d 725.)

¶ 1. PER CURIAM.   We review the referee's recommendation that Attorney William J. Gilbert's license to practice law in Wisconsin be suspended for six months for professional misconduct. That misconduct consists of failing to act with reasonable diligence and promptness in representing a client, failing to keep a client reasonably informed about the status of a matter, failing to hold property of a client or property in which both the lawyer and client claim an interest in trust separate from the lawyer's own property until there is an accounting and a severing of their interests, failing to surrender papers and property to which the client was entitled upon termination of representation, and failing to cooperate with the Office of Lawyer Regulation (OLR) in the investigation of grievances. The referee also recommended that Attorney Gilbert be required to pay the costs of the proceeding and that in the event he seeks to have his license reinstated following the suspension, the reinstatement be subject to certain conditions.

¶ 2.   We determine that the seriousness of Attorney Gilbert's professional misconduct warrants a sus-

pension of his license to practice law for six months. We also agree that Attorney Gilbert should pay the costs of the proceeding and that his reinstatement be subject to the conditions identified by the referee.

¶ 3.  Attorney Gilbert was admitted to practice law in Wisconsin in 1971 and practiced in Hudson. On June 12, 2003, this court suspended Attorney Gilbert's license after he failed to respond to an order to show cause relating to his willful failure to respond or cooperate in the OLR's investigation of his conduct. His license remains suspended.

¶ 4.  The complaint filed by the OLR alleged misconduct with respect to two former clients. The first client retained Attorney Gilbert in November of 1999 to represent him in a divorce. The client paid Attorney Gilbert a retainer fee of $1500. Attorney Gilbert deposited the $1500 retainer into his office checking account. At the time the money was deposited not all of the $1500 had been earned. Attorney Gilbert failed to perform any work on the divorce action after March 31, 2000. The client called Attorney Gilbert on numerous occasions asking for updates on the status of his case. Attorney Gilbert failed to return the client's phone calls. The client also wrote to Attorney Gilbert at least three times requesting an itemized statement and requesting a return of any unused portion of the retainer. Attorney Gilbert failed to respond to the client's letters and failed to provide the client with either an itemized statement or a return of any unearned portion of the retainer fee.

¶ 5.  Attorney Gilbert withdrew from representation of the client on September 22, 2000. Successor counsel, Attorney Daniel Demaio, entered an appearance in the case on June 27, 2001. Attorney Gilbert

failed to send the client's file to Attorney Demaio, in spite of Attorney Demaio's request that he do so.

¶ 6. The client filed a grievance against Attorney Gilbert. On April 11, 2002, the OLR staff sent Attorney Gilbert a letter asking him to submit a written supplemental response addressing specific issues. Attorney Gilbert failed to respond. On May 2, 2002, the OLR staff sent a second request, by both regular and certified mail, requesting a response from Attorney Gilbert. Attorney Gilbert again failed to respond. The OLR staff telephoned Attorney Gilbert on two occasions and left voicemail messages requesting a response. Attorney Gilbert failed to return the OLR's telephone calls.

¶ 7. The OLR's complaint also alleged that Attorney Gilbert engaged in misconduct in his representation of two clients who hired him to represent them in a condemnation review against the Wisconsin Department of Transportation (DOT) concerning property the clients owned in St. Croix county. Attorney Joseph Ryan was the clients' Minnesota attorney. On August 8, 1999, Attorney Ryan forwarded a $2500 check to Attorney Gilbert for advance payment of costs. In his cover letter Attorney Ryan requested that Attorney Gilbert provide him with a breakdown of the application of the $2500. Attorney Gilbert failed to provide an accounting, claiming he had lost his trust account records for the relevant time period. Attorney Gilbert said he placed the check in his trust account and paid out costs on the clients' behalf.

¶ 8. In December of 1999 Attorney Gilbert reached a settlement with the DOT by which the DOT agreed to pay the clients an additional $5528.16. The DOT's attorney, a State of Wisconsin assistant attorney general, faxed a stipulation, order for dismissal, and release to Attorney Gilbert on December 20, 1999. On

8

January 21, 2000, the DOT's attorney sent Attorney Gilbert the releases to be executed by his clients along with a State of Wisconsin check in the amount of $5528.16. Attorney Gilbert failed to notify his clients in writing of his receipt of the check and failed to disburse the check to them. Attorney Gilbert lost the settlement check, made no prompt or diligent effort to locate it, and failed to obtain a replacement check.

¶ 9. A status hearing in the condemnation matter was scheduled for March 13, 2000. Prior to that hearing the DOT's attorney sent two letters to the judge stating that Attorney Gilbert had failed to respond to the DOT attorney's January 21, 2000, letter. Attorney Gilbert failed to appear at the March 13, 2000, status hearing. The circuit court dismissed the action with prejudice, noting that the DOT had paid Attorney Gilbert's clients an additional $5528.16.

¶ 10. Both the clients and Attorney Ryan attempted to contact Attorney Gilbert on numerous occasions to determine the status of the settlement check. Attorney Gilbert failed to respond to any of the clients' calls and spoke with Attorney Ryan only once. On December 3, 2001, Attorney Ryan contacted the DOT's attorney to obtain a replacement check. On January 2, 2002, the DOT's attorney forwarded a letter to Attorney Gilbert requesting permission to forward the replacement check to Attorney Ryan. Attorney Gilbert failed to respond to the letter. Following a January 28, 2002, letter, to which Attorney Gilbert again did not respond, the DOT's attorney sent Attorney Ryan a replacement check.

¶ 11. Attorney Ryan filed a grievance against Attorney Gilbert. On March 27, 2002, the OLR staff sent a letter to Attorney Gilbert asking him to submit a written response to Attorney Ryan's grievance on or

9

before April 19, 20002. Attorney Gilbert failed to respond. On May 2, 2002, the OLR staff sent a second request, by certified mail, requesting a response from Attorney Gilbert. Attorney Gilbert again failed to respond. The OLR staff telephoned Attorney Gilbert on two occasions and left voicemail messages requesting a response. Attorney Gilbert failed to return the OLR's telephone calls.

¶ 12. The OLR filed a complaint against Attorney Gilbert on February 18, 2003. Janet Jenkins was appointed as referee. Attorney Gilbert was personally served with the order to answer but did not file an answer. The referee found Attorney Gilbert to be in default.

¶ 13. The referee concluded that by failing to perform any work on the first client's divorce action after March 31, 2000, Attorney Gilbert violated SCR 20:1.3.[1] The referee also concluded that by failing to respond to the first client's written and telephonic inquiries and by failing to apprise the client of the status of the divorce action, Attorney Gilbert violated SCR 20:1.4(a).[2] The referee further concluded that by failing to deposit and hold in trust the $1500 retainer received from the first client until the fees were earned, and by failing to provide the first client with an account of the funds upon his request, Attorney Gilbert violated SCR 20:1.15(a) and (d).[3] The referee also concluded that by failing to turn over the first client's file to

[1] SCR 20:1.3 provides: "Diligence. A lawyer shall act with reasonable diligence and promptness in representing a client."

[2] SCR 20:1.4(a) provides: "(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

[3] SCR 20:1.15(a) and (d) provide:

10

successor counsel, Attorney Gilbert violated SCR 20:1.16(d).[4] In addition, the referee concluded that by

(a) A lawyer shall hold in trust, separate from the lawyer's own property, that property of clients and third persons that is in the lawyer's possession in connection with a representation or when acting in a fiduciary capacity. Funds held in connection with a representation or in a fiduciary capacity include funds held as trustee, agent, guardian, personal representative of an estate, or otherwise. All funds of clients and third persons paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c). The trust account shall be maintained in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The trust account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. No funds belonging to the lawyer or law firm, except funds reasonably sufficient to pay or avoid imposition of account service charges, may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, savings bank, trust company, credit union, savings and loan association or other investment institution authorized to do business and located in Wisconsin. The safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also licensed in another state is entrusted with funds or property in connection with an out-of-state representation, this provision shall not supersede the trust account rules of the other state.

(d) When, in the representation, a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be treated by the lawyer as trust property until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall continue to be treated as trust property until the dispute is resolved.

[4] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's

11

failing to file a written supplemental response to the first client's grievance despite the OLR's written request to do so, Attorney Gilbert willfully failed to cooperate with the OLR in the investigation of this matter, as defined in SCR 22.001(9)(b),[5] in violation of SCR 22.03(6).[6]

¶ 14.  With respect to Attorney Gilbert's representation of the second client, the referee concluded that by failing to take prompt and diligent steps to find the lost settlement check or to have a replacement check issued, by failing to respond to written requests from the DOT's attorney regarding the settlement check and its replacement, and by failing to appear at the March 13, 2000, status hearing, Attorney Gilbert violated SCR 20:1.3. The referee also concluded that by failing to keep the second client or Attorney Ryan reasonably informed about the status of the settlement check, and by failing to respond to requests for information from the clients and Attorney Ryan, Attorney Gilbert violated SCR 20:1.4(a).

interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[5] SCR 22.001(9)(b) provides: "(9) 'Misconduct' means any of the following: (b) Failure to cooperate in the investigation of a grievance."

[6] SCR 22.03(6) provides: "(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

¶ 15. The referee also found that by failing to promptly notify the clients or Attorney Ryan in writing of the receipt of the settlement check and by failing to promptly deliver to them the funds to which they were entitled, and by failing to render an accounting of the $2500 check to Attorney Ryan, Attorney Gilbert violated SCR 20:1.15(b).[7] The referee further concluded by failing to retain required trust account records concerning the $2500 advanced to Attorney Gilbert by Attorney Ryan for the clients' costs, Attorney Gilbert violated SCR 20:1.15(e).[8] Finally, the referee concluded that by

---

[7] SCR 20:1.15(b) provides:

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[8] Both the OLR's complaint and the referee's report erroneously cite to SCR 1.14(e), a nonexistent supreme court rule. The rule applicable to retention of trust account records is SCR 20:1.15(e) which provides:

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook

failing to file a written response to Attorney Ryan's grievance, after notification by the OLR by both regular and certified mail, Attorney Ryan willfully failed to cooperate with the OLR in the investigation of the matter, as defined in SCR 22.001(9)(b), in violation of SCR 22.03(2),[9] and SCR 22.03(6).

¶ 16. In discussing the appropriate sanction for Attorney Gilbert's misconduct, the referee commented:

It is particularly difficult to make a recommendation for sanctions when the attorney who is the subject of the misconduct action fails to participate in the action. One cannot ascertain whether the misconduct was intentional or negligent or what problems or conditions may have affected the attorney and which might serve as an explanation for the misconduct. Moreover, one has no way of gauging whether the attorney's potential for rehabilitation is great or nonexistent or

balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[9] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

whether there are any mitigating factors. By choosing not to participate in the action, the attorney has reduced himself to simply a collection of allegations against him. Having no basis on which to judge William J. Gilbert, the man, I can only judge his misconduct.

¶ 17. The referee concluded that a six-month suspension of Attorney Gilbert's license to practice law was appropriate. The referee noted that in both matters clients had paid substantial sums to Attorney Gilbert for his assistance and in both cases Attorney Gilbert did some initial work on the files and then stopped, almost as if he had vanished. The referee noted that Attorney Gilbert failed to respond to phone calls and letters, both from the clients themselves and from the OLR. The referee also commented that having practiced for more than 30 years, Attorney Gilbert knew or should have known what was required of him with respect to trust accounting, and the referee said the fact that Attorney Gilbert had not previously run afoul of the trust accounting rules demonstrated that for the better part of his legal career he did follow the rules.

¶ 18. The referee said since Attorney Gilbert chose to remain silent it was impossible to even speculate as to the cause of his misconduct. The referee said, "[w]hat we are left with is a lawyer who appears to either no longer care about his ethical responsibilities or who, for some unknown reason, is incapable of caring. Both possibilities raise grave concern for the protection of Gilbert's present and potential future clients." The referee recommended that Attorney Gilbert's license to practice be suspended for six months and that he be required to pay the costs of the proceeding.

¶ 19. The referee also recommended that, in the event Attorney Gilbert seeks to have his license rein-

stated following the six-month suspension, the reinstatement be subject to the following conditions: (1) That he provide a full and complete accounting to Attorney Ryan and the first client in their respective matters; (2) that he submit a business or office management plan which establishes a daily diary, a daily calendar, an appropriate filing system that reflects daily entries, and an appropriate billing system; (3) that he meet with a mentor on a periodic basis to ensure compliance with these conditions; and (4) in the event the required accountings for the two client matters are unavailable or if the accountings reveal Attorney Gilbert did not earn all of the first client's retainer or utilize all of the second client's costs advance, that Attorney Gilbert be required to pay restitution for the amounts not spent or earned.

¶ 20.   A referee's findings of fact on a disciplinary matter will not be set aside unless clearly erroneous. *In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll,* 2000 WI 248, 248 Wis. 2d 662, 675, 636 N.W.2d 718. Since the referee's findings of fact have not been shown to be clearly erroneous, we adopt them. We also conclude, as did the referee, that the seriousness of Attorney Gilbert's misconduct warrants the suspension of his license to practice law in Wisconsin for six months. We further agree with the referee that Attorney Gilbert should be required to pay the costs of this proceedings, and we also agree that in the event he seeks to have his license reinstated, the reinstatement should be subject to the conditions discussed above.

¶ 21.   IT IS ORDERED that the license of Attorney William J. Gilbert to practice law in Wisconsin

remains suspended for a period of an additional six months, effective the date of this order.

¶ 22. IT IS FURTHER ORDERED that Attorney William J. Gilbert comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended, if he has not already done so.

¶ 23. IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney William J. Gilbert pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney William J. Gilbert to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 24. IT IS FURTHER ORDERED that in the event Attorney William J. Gilbert seeks to have his license reinstated following the suspension, the reinstatement be subject to the following conditions: (1) That he provide a full and complete accounting to Attorney Ryan and the first client in their respective matters; (2) that he submit a business or office management plan which establishes a daily diary, a daily calendar, an appropriate filing system that reflects daily entries, and an appropriate billing system; (3) that he meet with a mentor on a periodic basis to ensure compliance with these conditions; and (4) in the event the required accountings for the two client matters are unavailable or if the accountings reveal Attorney Gilbert did not earn all of the first client's retainer or utilize all of the second client's costs advance, that Attorney Gilbert be required to pay restitution for the amounts not spent or earned.