In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST William J. GILBERT, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

William J. GILBERT, Respondent.

Supreme Court

*No. 04–1285–D. Decided November 24, 2004.*

2004 WI 144

(Also reported in 689 N.W.2d 50.)

395

¶ 1. PER CURIAM. We review the referee's recommendation, which was made following a stipulation entered into between the Office of Lawyer Regulation (OLR) and Attorney William J. Gilbert, that Attorney Gilbert's license to practice law in Wisconsin be suspended for six months for professional misconduct. The misconduct at issue consisted of entering into an unfair and unreasonable business transaction with a client, without affording the client the opportunity to seek the advice of independent counsel and without obtaining the client's written consent to the transaction; engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; upon termination of representation of a client, failing to take steps to the extent reasonably practicable to protect a client's interests, such as surrendering papers and property to which the client is entitled; and failing to fully and fairly disclose to the OLR all facts and circumstances pertaining to the alleged misconduct within 20 days after being served with a request for a response to a grievance. The referee recommended that the six-month suspension be made retroactive to April 7, 2004, the date Attorney Gilbert was eligible to apply for reinstatement of his license under an earlier disciplinary proceeding, and the referee recommended that Attorney Gilbert be required to

make restitution to the client and that he be required to pay the costs of the proceeding.

¶ 2. We determine that the seriousness of Attorney Gilbert's professional misconduct warrants a suspension of his license to practice law for six months. We also agree that the suspension should be made retroactive to April 7, 2004. We further agree that Attorney Gilbert should make restitution to the client and pay the costs of the proceeding.

¶ 3. Attorney Gilbert was admitted to practice law in Wisconsin in 1971 and practiced in Hudson. On June 12, 2003, this court suspended his license after he failed to respond to an order to show cause relating to his willful failure to respond or cooperate in the OLR's investigation of his conduct. The conduct at issue was the same as involved in the instant proceeding. On October 7, 2003, this court suspended Attorney Gilbert's license for an additional six months for failing to act with reasonable diligence and promptness in representing a client; failing to keep a client reasonably informed about the status of a matter; failing to hold property of a client or property in which both lawyer and client claim an interest in trust separate from a lawyer's own property until there is an accounting and severing of their interest; failing to surrender papers and property to which the client was entitled upon termination of representation; and failing to cooperate with the OLR in investigation of grievances. *See Disciplinary Proceedings Against Gilbert,* 2003 WI 131, 266 Wis. 2d 5, 669 N.W.2d 725. Attorney Gilbert's license remains suspended.

¶ 4. The complaint filed by the OLR in this action alleged that in 1997 Attorney Gilbert represented a husband and wife in the sale of a parcel of real estate. After the sale Attorney Gilbert continued to represent

397

the couple regarding some clean up work related to a small parcel of the real estate retained by them.

¶ 5.   In May 1997 Attorney Gilbert requested that the husband loan him $10,500. The loan was documented by a promissory note. Attorney Gilbert failed to obtain the client's written consent to either the loan transaction or any conflicts related to it. Prior to borrowing the money and executing the promissory note, Attorney Gilbert failed to offer collateral and failed to offer the client the opportunity to seek advice of independent counsel. He also failed to fully disclose to the client the extent of Attorney Gilbert's financial difficulties, including the fact he was delinquent on his home mortgage payments, that a mortgage foreclosure action had been filed against him, and that a collection action had been filed against him. After making a total of $600 in payments, Attorney Gilbert defaulted on the loan.

¶ 6.   In December 2000 the clients, now represented by new counsel, filed a lawsuit against Attorney Gilbert for his default under the promissory note. The clients' new attorney requested that all of their file materials be furnished to him. Attorney Gilbert failed to respond to several requests from the attorney, but in April 2001 he finally delivered the clients' file to their new counsel. On January 24, 2002, the clients obtained a judgment against Attorney Gilbert in the amount of $15,797.37. The clients have received no payments from Attorney Gilbert to date.

¶ 7.   In January 2003 the OLR staff forwarded correspondence to Attorney Gilbert concerning a grievance filed by the clients and requested a written response on or before February 5, 2003. On February 6, 2003, OLR staff granted Attorney Gilbert an extension of time to respond to the grievance, but he failed to

respond by that date and also failed to respond to two additional requests from the OLR. As noted above, on June 12, 2003, Attorney Gilbert's license was temporarily suspended for his failure to cooperate with the OLR's investigation into the clients' grievance.

¶ 8. The OLR's complaint alleged that by borrowing money from a client, where the terms were unfair and unreasonable, based on Attorney Gilbert's failure to offer collateral and to disclose his financial circumstances to the client, where Attorney Gilbert failed to offer the client the opportunity to seek independent counsel, and where Attorney Gilbert failed to obtain the client's written consent, he violated SCR 20:1.8(a)[1].

¶ 9. The OLR's complaint also alleged that by borrowing money from a client, while failing to disclose the extent of his financial difficulties, despite knowing he was an extremely poor credit risk, Attorney Gilbert violated SCR 20:8.4(c)[2].

¶ 10. The OLR's complaint further alleged that by failing to promptly forward the clients' files to their new

---

[1] SCR 20:1.8(a) provides:

(a) A lawyer shall not enter into a business transaction with a client or knowingly acquire an ownership, possessory, security or other pecuniary interest adverse to a client unless:

(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in a manner which can be reasonably understood by the client;

(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction; and

(3) the client consents in writing thereto.

[2] SCR 20:8.4(c) provides: "It is professional misconduct for a lawyer to: (c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

attorney, upon termination of his representation, Attorney Gilbert violated SCR 20:1.16(d)[3].

¶ 11.   Finally, the OLR's complaint alleged that by failing to submit a written response to the clients' grievance, Attorney Gilbert violated SCR 20:8.4(f)[4] and SCR 22.03(2)[5].

¶ 12.   Attorney Konrad T. Tuchscherer was appointed as referee. On August 6, 2004, Attorney Gilbert and the OLR entered into a stipulation which was subsequently submitted to the referee. On August 17, 2004, the referee issued his report in which he adopted the recitation of facts set forth in the stipulation and concluded that Attorney Gilbert violated the Supreme

---

[3] SCR 20:1.16(d) provides:

(d) Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.

[4] SCR 20:8.4(f) provides: "It is professional misconduct for a lawyer to: (f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers."

[5] SCR 22.03(2) provides:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

Court Rules discussed above. The referee recommended that Attorney Gilbert's license be suspended for six months, retroactive to April 7, 2004, the date he was eligible to petition for reinstatement of his license pursuant to the October 7, 2003 suspension. The referee also recommended that Attorney Gilbert be ordered to provide restitution to the clients in the amount of $15,797.37, plus post-judgment interest, and he recommended that Attorney Gilbert be assessed all costs of this proceeding.

¶ 13.  A referee's findings of fact on a disciplinary matter will not be set aside unless they are clearly erroneous. *In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). Conclusions of law are reviewed de novo. *In re Disciplinary Proceedings Against Carroll,* 2000 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. Since the referee's findings of fact have not been shown to be clearly erroneous, we adopt them.

¶ 14.  We also conclude, as did the referee, that the seriousness of Attorney Gilbert's misconduct warrants the suspension of his license to practice law in Wisconsin for six months. We note that the stipulation points out that Attorney Gilbert's wife was very ill at the time he failed to respond to the OLR's requests for information and that following his wife's surgeries Attorney Gilbert did cooperate with the OLR in this matter. We further agree with the referee that it is appropriate to make the six-month suspension retroactive to April 7, 2004. Finally, we agree with the referee that Attorney Gilbert should be required to make restitution to his clients and that he should be required to pay the costs of this proceeding.

¶ 15.   IT IS ORDERED that the license of Attorney William J. Gilbert to practice law in Wisconsin is suspended for six months, retroactive to April 7, 2004.

¶ 16.   IT IS FURTHER ORDERED that Attorney William J. Gilbert make restitution to his clients in the amount of $15,797.37, plus post-judgment interest.

¶ 17.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Attorney William J. Gilbert pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Attorney William J. Gilbert to practice law in Wisconsin shall remain suspended until further order of the court.