In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Naomi E. SOLDON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Naomi E. SOLDON, Respondent.

Supreme Court

*No. 2009AP892–D.—Decided April 16, 2010.*

2010 WI 27

(Also reported in 782 N.W.2d 81.)

4

¶ 1. PER CURIAM. We review a stipulation executed by Attorney Naomi E. Soldon and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1] In the stipulation Attorney Soldon admits that she committed eight counts of professional misconduct. She agrees with the OLR's request that her license to practice law in Wisconsin be suspended for a period of six months. After thoroughly reviewing the matter, we accept the stipulation and impose the requested discipline. Because Attorney Soldon entered into a comprehensive stipulation prior to the appointment of a referee, we do not require her to pay the costs of this proceeding.

¶ 2. According to the State Bar of Wisconsin's website, Attorney Soldon was admitted to the practice of law in Wisconsin in 1990. She most recently practiced in Milwaukee. Her law license is currently administratively suspended for a number of reasons, including the failure to pay bar dues and assessments.

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

¶ 3. Attorney Soldon's professional misconduct primarily stems from a series of retail thefts and her subsequent interactions with law enforcement. These incidents cover a period of time from the spring of 2007 through the spring of 2008.

■

¶ 4. On May 24, 2007, Attorney Soldon was arrested for retail theft at a department store in Greendale, Wisconsin. She was subsequently convicted of misdemeanor retail theft (loss under $2,500). The circuit court imposed and stayed a sentence of 30 days in the Milwaukee County House of Correction and one year of probation. Attorney Soldon's husband timely notified the OLR of this conviction. *See* SCR 21.15(5).[2] In Count 1 of the complaint and stipulation, the parties have agreed that Attorney Soldon's conduct leading to this criminal conviction violated SCR 20:8.4(b).[3]

¶ 5. Counts 2 through 4 relate to an incident that began at a gas station just off Interstate 94 (I-94) in Windsor, Wisconsin in November 2007. The Wisconsin State Patrol was notified that a vehicle registered to Attorney Soldon had driven off without paying for gasoline. A state trooper subsequently stopped Attorney

---

[2] SCR 21.15(5) states as follows:

> An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[3] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

Soldon on eastbound I-94. Attorney Soldon acknowledged that she had not paid for the gas, but claimed that it had been an accident. A second state trooper arrived, and while the two officers were discussing the matter, Attorney Soldon fled the scene of the traffic stop. A chase ensued on eastbound I-94, which ended when Attorney Soldon drove her car over an embankment and into a farm field. At the local hospital Attorney Soldon stated she had fled the scene of the traffic stop because she was afraid that she was going to be arrested.

¶ 6. Attorney Soldon pled guilty to one count of felony fleeing and eluding an officer. A charge of misdemeanor retail theft was dismissed and read in for sentencing purposes. The Dane County circuit court sentenced Attorney Soldon to pay a $6,430 fine, which she paid within 60 days. Attorney Soldon failed to advise the OLR of this conviction within five days.

¶ 7. With respect to this incident, the stipulation provides that Attorney Soldon committed three violations of the Wisconsin Rules of Professional Conduct for Attorneys. First, her conduct of fleeing and eluding an officer constituted a violation of SCR 20:8.4(b). Likewise, although the criminal charge on this subject was dismissed, her conduct in driving off without paying for gasoline also constituted a violation of SCR 20:8.4(b). Finally, her failure to report her criminal conviction in writing to the OLR within five days constituted a violation of SCR 21.15(5).

¶ 8. Counts 5 through 7 of the complaint and stipulation arise out of two more retail theft incidents that occurred in Waukesha County in January and February 2008. On January 14, 2008, Attorney Soldon left a department store in Brookfield with some stolen merchandise. As she entered her vehicle, a store em-

ployee asked her to come back to the store to discuss the theft. Attorney Soldon told the employee to get out of the way or the employee would get hurt. She then drove off, but was subsequently arrested. For this incident, Attorney Soldon was again charged with misdemeanor retail theft. That charge was ultimately dismissed and read in at sentencing for the conviction discussed in the succeeding paragraph.

¶ 9. On February 14, 2008, Attorney Soldon was arrested for stealing boxed sets of compact discs at a music store in Brookfield. She falsely told police that her name was Maree Sheridan and gave a series of false birth dates. With respect to this incident, Attorney Soldon ultimately pled guilty to one count of misdemeanor retail theft. A count of misdemeanor resisting or obstructing an officer was dismissed and read in for sentencing purposes, as was the retail theft charge for the January 14, 2008, incident. The Waukesha County circuit court sentenced Attorney Soldon to 30 days in jail, but stayed that sentence and placed Attorney Soldon on one year of probation, as well as imposed fines and costs totaling $602. Attorney Soldon did report her arrest and the proposed plea agreement in this matter to the OLR.

¶ 10. For these two acts of retail theft and the act of obstruction of law enforcement by providing a false name to the police, the stipulation provides that Attorney Soldon committed three violations of SCR 20:8.4(b).

¶ 11. Count 8 of the stipulation addresses Attorney Soldon's failure to cooperate with the OLR's investigation of her conduct following the notification of her first retail theft conviction by her husband in December 2007. Beginning approximately two weeks after that notification, the OLR began sending a series of letters to Attorney Soldon asking her to provide a written response

9

about the retail theft incident. The OLR sent two such letters, in December 2007 and February 2008, but Attorney Soldon did not respond. The OLR then granted a series of extensions of time over the next several months for Attorney Soldon to respond, but she failed to do so. Ultimately, on May 14, 2008, the OLR filed a motion with this court seeking an order to show cause why Attorney Soldon's license should not be temporarily suspended. The order to show cause was issued, and Attorney Soldon ultimately submitted a suitable written response to the OLR, which then withdrew its motion. The stipulation provides that these facts show a willful failure to cooperate with an OLR investigation, in violation of SCR 22.03(2),[4] enforced via 20:8.4(h).[5]

¶ 12. In the stipulation Attorney Soldon verifies that she understands the misconduct allegations against her and her right to contest those allegations; that she understands the ramifications of the requested

---

[4] SCR 22.03(2) states:

> Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[5] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

discipline in the event the court accepts the stipulation; that she understands her right to consult counsel; and that she is entering into the stipulation knowingly and voluntarily. The stipulation further provides that Attorney Soldon is admitting her misconduct and agreeing to the level of discipline sought by the OLR, namely, a six-month suspension of her license to practice law in Wisconsin.

¶ 13. We approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. Her series of retail thefts and her related attempts to avoid arrest or conviction evince a serious disregard for the law. We therefore impose the six-month suspension requested in the stipulation. In light of the SCR 22.12 stipulation, we do not impose costs.

¶ 14. The imposition of a six-month suspension will require Attorney Soldon to complete successfully the formal reinstatement process in order to regain her license to practice law in Wisconsin. *See* SCRs 22.29–22.33. In addition, before her license can be reinstated, she will be separately obligated to meet the requirements to terminate the various administrative suspensions of her license. The reinstatement of her license cannot occur until she successfully completes each applicable reinstatement process.

¶ 15. IT IS ORDERED that the license of Naomi E. Soldon to practice law in Wisconsin is suspended for a period of six months, effective as of the date of this order.

¶ 16. IT IS FURTHER ORDERED that to the extent she has not already done so, Naomi E. Soldon shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.