In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Naomi E. SOLDON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Naomi E. SOLDON, Respondent.

Supreme Court

*No. 2012AP1777–D.—Decided December 7, 2012.*

2012 WI 122

(Also reported in 824 N.W.2d 439.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. We review the stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Naomi E. Soldon. The OLR and Attorney Soldon stipulate that Attorney Soldon committed professional misconduct and that she should be suspended for her misconduct. The OLR is not seeking costs or restitution. Upon careful consideration, we adopt the stipulated facts and retroactively suspend Attorney Soldon's license to practice law for a period of six months, commencing October 16, 2010.

¶ 2. Attorney Soldon was admitted to the State Bar of Wisconsin on August 6, 1990. On April 16, 2010, we suspended Attorney Soldon's law license for six months for professional misconduct involving committing criminal acts of theft and fleeing and eluding an

officer; failing to report convictions to the OLR within five days; and failing to cooperate with the OLR's investigation. Attorney Soldon stipulated to these violations and to the discipline. *In re Disciplinary Proceedings Against Soldon,* 2010 WI 27, 324 Wis. 2d 4, 782 N.W.2d 81.[1]

¶ 3.  On August 9, 2012, the OLR filed a complaint alleging that Attorney Soldon engaged in three counts of misconduct as a result of three separate incidents of criminal misconduct.

¶ 4.  First, on September 21, 2007, Attorney Soldon left an Illinois department store with $958.40 in unpaid merchandise. A warrant issued and she was eventually arrested in October 2009 in Illinois. She was then convicted of felony retail theft on October 20, 2011. *State of Illinois v. Soldon,* Kane County Case No. 07–CF-2926.

¶ 5.  Second, on February 7, 2009, Attorney Soldon stole several video games from a department store in Grafton, Wisconsin. Attorney Soldon was arrested and charged with misdemeanor retail theft as a repeater. *See State v. Soldon,* Ozaukee County Case No. 09CM255. On October 6, 2010, she pled guilty and was convicted of that charge.

¶ 6.  Third, on October 23, 2009, Attorney Soldon stole a candy bar from a store in Madison, Wisconsin. On October 26, 2009, City of Madison police issued a municipal citation to Attorney Soldon for her theft. On January 22, 2010, Attorney Soldon was found guilty and fined $177.

---

[1] In 2012 Attorney Soldon filed a petition seeking to reinstate her law license. However, that petition has been held in abeyance pending resolution of the matters charged in the pending disciplinary complaint.

¶ 7. The OLR's complaint alleged Attorney Soldon's three incidents of criminal misconduct violated the Rules of Professional Conduct for Attorneys, SCR Ch. 20, as follows: (1) by engaging in conduct leading to a criminal conviction on one count of felony retail theft in *State of Illinois v. Soldon,* Kane County Case No. 07–CF-2926, Attorney Soldon violated SCR 20:8.4(b);[2] (2) by engaging in conduct leading to a criminal conviction on one count of misdemeanor retail theft as a repeater in *State v. Soldon,* Ozaukee County Case No. 09CM255, Attorney Soldon violated SCR 20:8.4(b); and (3) by engaging in conduct leading to her conviction for retail theft, Attorney Soldon violated SCR 20:8.4(c).[3]

¶ 8. On September 26, 2012, the OLR and Attorney Soldon filed a stipulation whereby Attorney Soldon stipulated to the allegations in the OLR's complaint and to their recommended discipline. The stipulation states that Attorney Soldon fully understands the misconduct allegations and the ramifications should the court impose the stipulated level of discipline. The stipulation also provides that Attorney Soldon understands her right to contest the matter and understands her right to consult with counsel, that she was represented by counsel, and that her entry into the stipulation was made knowingly and voluntarily and without the benefit of any negotiations for a reduction in either charges or sanctions.

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

[3] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

¶ 9.   The OLR filed a memorandum in support of the stipulation explaining that in recommending a six-month suspension, the OLR director considered the ABA Standards for Imposing Lawyer Sanctions and the particular circumstances of this case. The OLR's memorandum identified as aggravating factors Attorney Soldon's prior discipline, her pattern of misconduct, theft indicating selfish motivation, multiple offenses, and substantial experience as an attorney. ABA Standards § 9.2(a)-(d), (i). In mitigation, the OLR considered Attorney Soldon's gambling and drug problems, the fact that she self-reported the criminal charges and was cooperative throughout the process, and the fact she has sought and received appropriate treatment and exhibited remorse.

¶ 10.   There is precedent supporting the recommended discipline. The OLR cites *In re Disciplinary Proceedings Against Cahill,* 219 Wis. 2d 330, 579 N.W.2d 231 (1998), where the court imposed a six-month suspension for multiple theft-related crimes (defrauding an innkeeper, issuing worthless checks).

¶ 11.   The OLR and Attorney Soldon agree that the sanction should be imposed retroactively. The court will impose a sanction retroactively when "misconduct occurred prior to the [earlier] disciplinary proceeding and [the attorney's] license has remained suspended well beyond the period of suspension previously imposed." *In re Disciplinary Proceedings Against and Reinstatement of Mandelman,* 182 Wis. 2d 583, 592, 514 N.W.2d 11 (1994); *see also In re Disciplinary Proceedings Against Gilbert,* 2004 WI 144, 276 Wis. 2d 395, 689 N.W.2d 50; *In re Disciplinary Proceedings Against Edgar,* 2003 WI 49, ¶ 13, 261 Wis. 2d 413, 661 N.W.2d 817 (when "the violations . . . occurred at the same time as the violations

that gave rise to the previous disciplinary matter" a retroactive sanction may be appropriate).

¶ 12. Attorney Soldon's earlier misconduct was of a similar nature and also occurred in 2007 and 2008. *Soldon,* 324 Wis. 2d 4, ¶ 3. Her original six-month suspension was scheduled to end on October 16, 2010. Attorney Soldon's acts giving rise to this proceeding occurred in 2007 and 2009, with convictions in 2010 and 2011. Attorney Soldon delayed seeking reinstatement in part because she sought treatment for her alcohol and gambling problems and has completed a drug court program. Consequently, she has remained suspended for longer than the court's 2010 decision required.

¶ 13. After careful review of the matter, we adopt the stipulated facts and find it appropriate to suspend Attorney Soldon's license for a period of six months, consecutive to her April 16, 2010 suspension. Because Attorney Soldon entered into a comprehensive stipulation under SCR 22.12, thereby obviating the need for the appointment of a referee and a full disciplinary proceeding, we do not impose costs in this matter.

¶ 14. IT IS ORDERED that the license of Naomi E. Soldon to practice law in Wisconsin shall be suspended for six months, effective October 16, 2010.

¶ 15. IT IS FURTHER ORDERED that to the extent she has not already done so, Naomi E. Soldon shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.