# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE No.: | 2009AP892-D & 2012AP1777-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Naomi E. Soldon, Attorney at Law: |
| | Office of Lawyer Regulation, <br>       Complainant, <br>    v. <br> Naomi E. Soldon, <br>       Respondent. |

| | |
|---|---|
| OPINION FILED: | May 20, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
|   COURT: | |
|   COUNTY: | |
|   JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | |
|   NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.  2009AP892-D
      2012AP1777-D

STATE OF WISCONSIN                    :        IN SUPREME COURT

**In the Matter of Disciplinary Proceedings Against Naomi E. Soldon, Attorney at Law:**

**Office of Lawyer Regulation,**

      **Complainant,**

  **v.**

**Naomi E. Soldon,**

      **Respondent.**

**FILED**

**MAY 20, 2014**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY reinstatement proceeding. *Reinstatement granted upon conditions.*

¶1 PER CURIAM. We review a report filed by referee Christine Harris Taylor recommending that the court reinstate, with conditions, the license of Naomi E. Soldon to practice law in Wisconsin. After careful review of the matter, we agree that Attorney Soldon's license should be reinstated and that conditions should be placed upon her resumption of the practice of law. We also agree with the referee that Attorney Soldon

should be required to pay the costs of this reinstatement proceeding, which are $2,680.59 as of January 29, 2014.

¶2  Attorney Soldon was admitted to practice law in Wisconsin in 1990.  She most recently practiced law in the Milwaukee area.  In 2010, Attorney Soldon's license to practice law was suspended for six months for misconduct primarily related to a series of retail thefts and her subsequent interactions with law enforcement.  Those incidents occurred over a period of time from the spring of 2007 through the spring of 2008.  In re Disciplinary Proceedings Against Soldon, 2010 WI 27, 324 Wis. 2d 4, 782 N.W.2d 81.

¶3  In May of 2012, Attorney Soldon filed a petition for the reinstatement of her license to practice law.  In June of 2012, prior to the appointment of a referee in the reinstatement proceeding, the Office of Lawyer Regulation (OLR) filed a letter expressing the parties' joint request that a referee not be appointed at that time.  In August of 2012, the OLR filed a new disciplinary complaint against Attorney Soldon and in September of 2012, the parties filed an SCR 22.12 stipulation in the new disciplinary action.  On October 9, 2012, this court granted the parties' joint request that Attorney Soldon's petition for reinstatement be held in abeyance pending the resolution of the new disciplinary action.

¶4  On December 7, 2012, Attorney Soldon's license to practice law in Wisconsin was suspended for six months, with the suspension made retroactive to October 16, 2010, the date when

her original six-month suspension was scheduled to end. The misconduct allegations giving rise to the 2012 case arose out of Attorney Soldon's convictions for retail theft in both Wisconsin and Illinois. In re Disciplinary Proceedings Against Soldon, 2012 WI 122, 344 Wis. 2d 581, 824 N.W.2d 439. On March 15, 2013, this court lifted the stay of proceedings with respect to Attorney Soldon's petition for the reinstatement of her license to practice law in Wisconsin.

¶5 Attorney Soldon filed an amended reinstatement petition. The OLR filed a response indicating it did not oppose the petition, provided that Attorney Soldon be required to provide the OLR with quarterly reports from her treating physician, Lance P. Longo, M.D., for a period of two years to confirm that Attorney Soldon is maintaining her sobriety and continuing to abstain from gambling. A public hearing on the reinstatement petition was held on November 15, 2013. The referee filed her report and recommendation on December 13, 2013, and filed an amended report on January 9, 2014.

¶6 Supreme Court Rule 22.31(1)[1] provides the standards to be met for reinstatement. Specifically, the petitioner must

---

[1] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

3

show by clear, satisfactory, and convincing evidence that he or she has the moral character to practice law; that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest; and that he or she has complied with SCR 22.26 and the terms of the order of suspension.  In addition to these requirements, SCR 22.29(4)(a)-(4m)[2] provides additional requirements that a

---

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[2] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

4

petition for reinstatement must show. All of these additional requirements are effectively incorporated into SCR 22.31(1).

¶7 When we review a referee's report and recommendation, we will adopt the referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747.

¶8 We conclude the referee's findings support a determination that Attorney Soldon has met her burden to

---

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

establish by clear, convincing, and satisfactory evidence that she has met all of the standards required for reinstatement.

¶9  The referee found that during the term of her suspension, Attorney Soldon has not practiced law.  Although she assisted her husband with his law practice, the referee found that Attorney Soldon vigilantly ensured that her work constituted neither the unauthorized practice of law, nor law work activity customarily done by law students, law clerks, or other paralegal personnel; and that her routine duties included billing, filing, mailing, marketing, purchasing, scheduling, typing, and other purely administrative functions.

¶10  The referee found that Attorney Soldon has fully complied with the terms of the order of suspension and that she was not required to make any restitution or settle any claims caused by her misconduct.  The referee found that Attorney Soldon has maintained competence and learning in the law by attending various continuing legal education conferences and programs.  The referee also found that Attorney Soldon's conduct since the time of her suspension has been exemplary and above reproach.

¶11  The referee noted that Attorney Soldon's misconduct arose from her substance abuse and gambling addiction, and since the time of her suspension she has participated in a one-year Milwaukee County drug treatment program as part of the successful completion of deferred prosecution agreements that resulted in the dismissal of charges against her in Milwaukee

6

County.  In addition to the drug court program, Attorney Soldon participated in a 28-day inpatient treatment program, followed by outpatient treatment and ongoing individual treatment.

¶12  The referee noted that on August 8, 2013, Dr. Longo sent the OLR a letter recommending Attorney Soldon's reinstatement and outlining her treatment and prognosis. Dr. Longo stated that Attorney Soldon demonstrated integrity throughout her treatment.  Dr. Longo said Attorney Soldon's chances of relapsing were particularly low given the strength and length, almost four years, of her recovery.  Dr. Longo said, "My prognosis, therefore, is that [Attorney Soldon] will maintain her recovery.  As the misconduct resulted from her addictions that are no longer problematic, I believe that [Attorney Soldon] is fit to practice law in Wisconsin."

¶13  The referee found that Attorney Soldon has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with those standards.  The referee also found that Attorney Soldon can safely be recommended to the legal profession, the courts, and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts. The referee noted that if her license to practice is reinstated, Attorney Soldon intends to practice labor law, as she did prior to her suspension, and she plans to work with her husband.

7

¶14 The referee noted that no testimony was presented during the hearing to indicate opposition to Attorney Soldon's request that her license to practice law in Wisconsin be reinstated.

¶15 The referee stated, "Ms. Soldon has testified convincingly about the facts and circumstances leading to her suspension. She takes full responsibility for her addiction and is committed to her recovery." The referee recommends that Attorney Soldon's license to practice law in Wisconsin be reinstated subject to a requirement that she provide the OLR with quarterly reports from Dr. Longo for a period of two years to confirm that she is maintaining her sobriety and continuing to abstain from gambling.

¶16 This court has carefully evaluated whether Attorney Soldon has indeed met the requirements for the reinstatement of her license to practice law in Wisconsin, and we conclude that she has. Attorney Soldon has acknowledged the wrongfulness of her conduct, voluntarily entered into a rehabilitation program, and by all accounts has successfully undergone treatment for her addictions. We agree with the referee that Attorney Soldon has met her burden of proof with respect to all elements needed to justify her reinstatement. We agree with the referee that, as a condition of her reinstatement, Attorney Soldon should be required to provide the OLR with quarterly reports from Dr. Longo for a period of two years to confirm that she is maintaining her sobriety and continuing to abstain from

8

gambling.  We also agree with the referee's recommendation that Attorney Soldon should pay the full costs of the proceeding, which are $2,680.59.

¶17  IT IS ORDERED that the license of Naomi E. Soldon to practice law in Wisconsin is reinstated effective the date of this order.

¶18  IT IS FURTHER ORDERED that, as a condition of the reinstatement of her license to practice law in Wisconsin, Naomi E. Soldon shall provide the Office of Lawyer Regulation with quarterly reports from Dr. Lance Longo for a period of two years to confirm that she is maintaining her sobriety and continuing to abstain from gambling.

¶19  IT IS FURTHER ORDERED that within 60 days of the date of this order, Naomi E. Soldon shall pay to the Office of Lawyer Regulation the costs of this proceeding.

¶20  IT IS FURTHER ORDERED that compliance with all of the terms of this order remains a condition of Naomi E. Soldon's license to practice law in Wisconsin.