IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Keith E. BROADNAX, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Keith E. BROADNAX, Respondent.

Supreme Court

*No. 98–1904–D. Filed May 6, 1999.*

(Also reported in 591 N.W.2d 855.)

¶ 1. PER CURIAM. We review the report of the referee recommending that the license of Keith E. Broadnax to practice law in Wisconsin be suspended for two years as discipline for professional misconduct. That misconduct included his continued use of cocaine, in violation of conditions previously imposed on him when his license was suspended in 1997 for professional misconduct, converting to his own use funds belonging to his law firm, obtaining law firm funds by misrepresentation, and taking property of an employee of the firm without permission. In addition to the suspension, the referee recommended that conditions be imposed on the reinstatement of Attorney Broadnax's license directed to his rehabilitation from drug addiction and recovery from a medical disorder.

¶ 2. We determine that the seriousness of Attorney Broadnax's professional misconduct warrants the license suspension recommended by the referee and the imposition of conditions directed to his rehabilitation. By reverting to the use of cocaine following the earlier license suspension, he has demonstrated that he cannot be trusted to represent others in the legal system. Moreover, his conduct with property of the law firm where he was employed shows that he cannot be entrusted with funds and property of those he might represent in a professional capacity.

¶ 3. Attorney Broadnax was admitted to practice law in Wisconsin in 1981 and practices in Milwaukee. He has been disciplined twice previously. In November 1989 the Board of Attorneys Professional Responsibility (Board) privately reprimanded him for failing to file findings of fact, conclusions of law, and the judgment in a divorce matter timely and for misrepresenting to the Board during its investigation that he had filed those documents. The court suspended his license for 90

days, effective March 12, 1997, as discipline for neglect of client matters, failure to communicate adequately to a client the basis of his fee, failure to return an unearned fee, and failure to cooperate with the Board in its investigation. *Disciplinary Proceedings Against Broadnax*, 208 Wis. 2d 120, 559 N.W.2d 595 (1997). In the latter case, the court ordered him to comply for three years with conditions directed to his continued treatment for and rehabilitation from cocaine and cannabis dependence and treatment for a mental disorder. Those conditions included abstinence from alcohol and controlled substances, periodic drug screens, and regular reports to the Board of his treatment progress.

¶ 4.  When Attorney Broadnax failed to file an answer to the Board's complaint in the instant proceeding and thereafter pleaded no contest to the allegations of the Board's complaint, the referee, Attorney Rose Marie Baron, made findings of fact accordingly. The first of those concerned Attorney Broadnax's use of cocaine. On July 22, 1997, Attorney Broadnax underwent a random urine screening at the request of the Board's administrator, and that screening tested positive for cocaine. Thereafter, Attorney Broadnax acknowledged that he had used cocaine. The referee concluded that Attorney Broadnax thereby committed a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b), and that his failure to abstain from the use of a controlled substance violated this court's license suspension order of 1997, contrary to SCR 20:8.4(f).[1]

---

[1] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:
. . .

¶ 5. The remainder of the referee's findings concerned Attorney Broadnax's conduct with the law firm where he was employed. At an unspecified time, Attorney Broadnax advised a client of the firm to make fee payments in a divorce matter payable to him rather than to the firm. He then cashed those checks, totaling $725, did not turn the money over to the firm, and converted it to his own use. In July 1997, he received two checks from an insurer as part of the settlement of a client's claim. Those checks were made payable to him, one for $200 as the firm's fee and one for $12.28 for the costs incurred by the firm in the matter, and Attorney Broadnax endorsed those checks, did not turn the proceeds over to the firm, and converted them to his own use. Also in July 1997, Attorney Broadnax reported to the firm that a check it had given him for reimbursement in the amount of $28.61 had been destroyed and asked for a replacement check. He received it, cashed both it and the original check, and retained the proceeds of both.

¶ 6. In September of 1997, an employee of the law firm reported that several compact discs valued at $125 had been taken without the owner's permission. Shortly after Attorney Broadnax was terminated by the law firm in September 1997, he acknowledged to an attorney in that firm that he had taken those compact discs. The referee concluded that in each of the foregoing matters, Attorney Broadnax engaged in conduct

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

. . .

(f) violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers;

involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[2]

¶ 7.   As discipline for that professional misconduct, the referee recommended that Attorney Broadnax's license to practice law be suspended for two years and that the court require him to submit to random drug tests for a period of one year prior to reinstatement of his license. In addition, the referee recommended that prior to reinstatement, Attorney Broadnax be required to establish that he has his drug addiction and a medical disorder under control. Finally, the referee recommended that Attorney Broadnax be required to pay the costs of this proceeding.

¶ 8.   We adopt the referee's findings of fact and conclusions of law and determine that the recommended license suspension and imposition of conditions are the appropriate response to Attorney Broadnax's professional misconduct.

¶ 9.   IT IS ORDERED that the license of Keith E. Broadnax to practice law in Wisconsin is suspended for two years, effective June 21, 1999.

¶ 10.   IT IS FURTHER ORDERED that Keith E. Broadnax comply with the conditions recommended by the referee in this matter.

¶ 11.   IT IS FURTHER ORDERED that within 60 days of the date of this order, Keith E. Broadnax pay to the Board of Attorneys Professional Responsibility the costs of this proceeding, provided that if the costs are

---

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(c)   engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Keith E. Broadnax to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 12.   IT IS FURTHER ORDERED that Keith E. Broadnax comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.