IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Daniel J. KANERA, Attorney at Law.

BOARD OF ATTORNEYS PROFESSIONAL RESPONSIBILITY, Complainant,

v.

Daniel J. KANERA, Respondent.

Supreme Court

*No. 99–0969–D. Filed May 14, 1999.*

(Also reported in 592 N.W.2d 636.)

¶ 1.  PER CURIAM.  The Board of Attorneys Professional Responsibility (Board) and Attorney Daniel J. Kanera filed a stipulation April 13, 1999, pursuant to SCR 21.09(3m)[1] concerning Attorney Kanera's felony conviction of manufacturing a controlled substance. The parties stipulated that the conduct for which Attorney Kanera was convicted constitutes a criminal act that reflects adversely on his honesty, trustworthiness or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b),[2] and that the suspension of his license to practice law for one year is appropriate discipline to impose for that misconduct.

---

[1] SCR 21.09 provides, in pertinent part:

**Procedure.**

. . .

(3m)   The board may file with a complaint a stipulation by the board and the respondent attorney to the facts, conclusions of law and discipline to be imposed. The supreme court may consider the complaint and stipulation without appointing a referee. If the supreme court approves the stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline. If the supreme court rejects the stipulation, a referee shall be appointed pursuant to sub. (4) and the matter shall proceed pursuant to SCR chapter 22. A stipulation that is rejected has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the board's prosecution of the complaint.

[2] SCR 20:8.4 provides, in pertinent part:

**Misconduct**
It is professional misconduct for a lawyer to:

. . .

(b)   commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

484

¶ 2. We approve the stipulation of the parties, adopt the facts and conclusions of law set forth in it, and impose the one-year license suspension to which they stipulated. Attorney Kanera was admitted to practice law in Wisconsin in January 1970, has an office address at his residence in Two Rivers, and has not previously been the subject of a disciplinary proceeding.

¶ 3. Attorney Kanera was convicted January 8, 1999, in the circuit court for Manitowoc county on his no contest plea to the charge of felony manufacture of THC after the discovery of what appeared to be 11 marijuana plants growing on his land. Following conviction, sentence was withheld, and he was placed on 18 months' probation, with 45 days to be spent in jail between the hours of his employment, directed to have an alcohol and other drug abuse assessment and follow through and submit to random urine screens, and ordered to pay a fine and costs totaling $5000. In addition, his motor vehicle operating privileges were suspended for six months.

¶ 4. IT IS ORDERED that the license of Daniel J. Kanera to practice law in Wisconsin is suspended for one year, effective the date of this order, as discipline for professional misconduct.

¶ 5. IT IS FURTHER ORDERED that Daniel J. Kanera comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.