In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Arthur L. SCHUH, Jr., Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Arthur L. SCHUH, Jr., Respondent.

Supreme Court

*No. 2006AP2235–D. Decided April 19, 2007.*

2007 WI 43

(Also reported in 730 N.W.2d 152.)

¶ 1. PER CURIAM. We review a stipulation filed by the Office of Lawyer Regulation (OLR) and Attorney Arthur L. Schuh, Jr., pursuant to SCR 22.12[1] requesting this court to revoke Attorney Schuh's license to practice law in Wisconsin due to his professional misconduct, effective July 27, 2006, the date of the summary suspension of Attorney Schuh's license. Attorney Schuh's misconduct consisted of committing criminal acts, conspiring to distribute a controlled substance and knowingly possessing a firearm in furtherance of a drug trafficking crime, that reflect adversely on his honesty, trustworthiness and fitness as a lawyer, in violation of SCR 20:8.4(b).[2]

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

[2] SCR 20:8.4(b) provides that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

¶ 2. Having independently reviewed the matter, we approve the SCR 22.12 stipulation and adopt its stipulated facts and conclusions of law. We agree that the serious nature of Attorney Schuh's professional misconduct requires the revocation of his license to practice law in this state. We also agree to the parties' request that the revocation be made effective on the date of the summary suspension of Attorney Schuh's license.

¶ 3. Attorney Schuh was admitted to the practice of law in Wisconsin in 1982. He previously practiced in the Appleton area. Prior to the summary suspension of his license due to his criminal convictions, he had not been subject to professional discipline.

¶ 4. On April 3, 2006, pursuant to a plea agreement, Attorney Schuh pled guilty to two criminal counts in the United States District Court for the Eastern District of Wisconsin. In Count 1, Attorney Schuh pled guilty to conspiring to distribute a controlled substance, 500 grams or more of a mixture containing cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), and 846. In Count 2, Attorney Schuh pled guilty to knowingly possessing a firearm in furtherance of the drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). According to the plea agreement, which the parties stipulate to including in the record of this proceeding, from 2000 to 2003 Attorney Schuh routinely obtained one to three ounces of cocaine from a supplier, used some of it for personal consumption, and distributed the rest to friends and associates.

¶ 5. On July 13, 2006, the federal district court sentenced Attorney Schuh to a total of 123 months of imprisonment, to be followed by four years of super-

vised release. The court also ordered Attorney Schuh to pay a $2000 fine and to forfeit his ownership interest in a motorcycle and a cabin in Pine River, Wisconsin.

¶ 6. On July 27, 2006, this court summarily suspended Attorney Schuh's license to practice law in this state pursuant to SCR 22.20 and based on his federal criminal convictions.

¶ 7. In the SCR 22.12 stipulation, Attorney Schuh agrees that his criminal acts of conspiring to distribute cocaine and knowingly possessing a firearm in furtherance of that drug trafficking crime reflect adversely on his honesty, trustworthiness and fitness as a lawyer, and constitute a violation of SCR 20:8.4(b). On the basis of that violation, Attorney Schuh and the OLR jointly request that the court revoke his license to practice law in Wisconsin, effective as of July 27, 2006.

¶ 8. The stipulation notes that Attorney Schuh's misconduct is aggravated by the willful nature of his violations of the law and the damage his criminal acts have done to the perception of lawyers and the legal system in this state. On the mitigating side, the stipulation notes that Attorney Schuh does not have a prior disciplinary history and the OLR has no information that Attorney Schuh failed to represent his clients diligently. Moreover, Attorney Schuh has experienced significant consequences including a prison term of ten years and three months, which is close to the mandatory minimum total of ten years required for the two federal offenses.

¶ 9. The stipulation properly states that Attorney Schuh understands the misconduct allegations against him, the ramifications of the stipulated level of discipline, his right to contest the matter, and his right to

consult with counsel.[3] Further, Attorney Schuh verifies that he is entering the stipulation knowingly and voluntarily.

¶ 10. Finally, the stipulation contains several requests and statements by Attorney Schuh. He requests the court to take note of his assertions that he did not engage in selling drugs for profit and distributed drugs to a limited number of acquaintances in connection with his own use of drugs. He also asserts that he responsibly transferred his client files to other attorneys prior to his conviction. The stipulation states that Attorney Schuh accepts responsibility and expresses "heartfelt remorse" for his actions.

¶ 11. After independently considering this matter, we accept the SCR 22.12 stipulation and its joint request for the revocation of Attorney Schuh's license to practice law in this state. Whether or not Attorney Schuh sold the cocaine for profit or simply distributed it to his friends and associates, his actions constitute serious criminal offenses and violations of his obligations as an attorney, and require the revocation of his license to practice law in Wisconsin. Nonetheless, as we have done in similar cases, we accept the stipulation's request that the revocation be deemed to have commenced on July 27, 2006, when this court summarily suspended Attorney Schuh's license due to his criminal convictions.

¶ 12. Because Attorney Schuh has stipulated to the revocation of his license, eliminating the need for the appointment of a referee, and because the OLR has not requested the imposition of costs, we do not assess the costs of this disciplinary proceeding against Attorney Schuh.

---

[3] The stipulation is also signed by Attorney Schuh's counsel.

¶ 13. IT IS ORDERED that the license of Arthur L. Schuh, Jr., to practice law in Wisconsin is revoked, effective as of July 27, 2006.

¶ 14. IT IS FURTHER ORDERED that if he has not already done so, Attorney Schuh shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been revoked.