In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Stephen M. COMPTON, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Stephen M. COMPTON, Respondent.

Supreme Court

*No. 2010AP1118–D.—Decided September 8, 2010.*

2010 WI 112

(Also reported in 787 N.W.2d 831.)

¶ 1. PER CURIAM. We review a stipulation executed by Attorney Stephen M. Compton and the Office of Lawyer Regulation (OLR) pursuant to SCR 22.12.[1] In the stipulation Attorney Compton admits that he committed professional misconduct and he agrees with the OLR's request that his license to practice law in Wisconsin be suspended for a period of two years, com-

---

[1] SCR 22.12 provides: Stipulation.

(1) The director may file with the complaint a stipulation of the director and the respondent to the facts, conclusions of law regarding misconduct, and discipline to be imposed. The supreme court may consider the complaint and stipulation without the appointment of a referee.

(2) If the supreme court approves a stipulation, it shall adopt the stipulated facts and conclusions of law and impose the stipulated discipline.

(3) If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation.

(4) A stipulation rejected by the supreme court has no evidentiary value and is without prejudice to the respondent's defense of the proceeding or the prosecution of the complaint.

mencing effective March 16, 2010, the date Attorney Compton's license was summarily suspended by this court.

■

¶ 2. After thoroughly reviewing the matter, we accept the stipulation and impose the requested discipline. Because Attorney Compton entered into a comprehensive stipulation prior to the appointment of a referee, we do not require him to pay the costs of this proceeding.

¶ 3. Attorney Compton was admitted to practice in Wisconsin in 1992. In 2002 Attorney Compton was publicly reprimanded for falsely recording the time he worked on a contingency fee case. *Public Reprimand of Stephen M. Compton,* 2002–06. In 2008 Attorney Compton's law license was suspended for 60 days for misconduct related to failing to supervise an inmate performing legal work for him and falsely billing the State Public Defender for work performed by that inmate. *In re Disciplinary Proceedings Against Compton,* 306 Wis. 2d 280, 744 N.W.2d 78.

¶ 4. Attorney Compton's professional misconduct in this matter stems from events culminating in a criminal conviction for possession of heroin. On or about March 7, 2009, law enforcement authorities executed a search warrant on the Lake Geneva home of K.L. Attorney Compton was found in a room with K.L. despite the fact that K.L. was at the time released on felony bond with conditions including that she not have any contact with Attorney Compton. The search revealed cocaine and heroin in various locations in the room where K.L. and Attorney Compton were found. The search also revealed cocaine and heroin in a vehicle that had been driven by Attorney Compton and parked in the garage assigned to K.L.'s residence. During the

search, Attorney Compton admitted to law enforcement his use of heroin and cocaine.

¶ 5. In March 2009 Attorney Compton was criminally charged with possession of narcotic drugs, possession of cocaine, possession of drug paraphernalia, and felony bail jumping in connection with this incident. *State v. Compton*, Walworth County Case No. 2009CF102. Cash bail amounts were set for each defendant, and the defendants were ordered to have no contact with each other.

¶ 6. On March 8, 2009, Attorney Compton paid cash to bond himself out of the Walworth County jail. K.L. remained in custody on a $10,000 cash bail. On March 11, 2009, D.M. brought $10,000 cash to the jail for the release of K.L. A short time later that day, D.M. admitted to law enforcement that Attorney Compton had called her and instructed her to go to a specific conference room in a hotel in Delavan to pick up a bag containing a phone and charger, $10,000 cash, a map to the sheriff's department, instructions on what D.M. should tell the police if she was questioned, and an additional $500 for D.M. to split with K.L. Attorney Compton's written instructions to D.M. included, in part, that D.M. should give the phone to K.L. and tell K.L. to use it to call Attorney Compton, and further stated "[K.L.] can never say I bailed her out! Never!"

¶ 7. On October 7, 2009, Attorney Compton pled guilty to possession of narcotic drugs (heroin), a class I felony, and felony bail jumping, a class H felony. The misdemeanor criminal charges for possession of cocaine and possession of drug paraphernalia were dismissed but read in. Attorney Compton was subsequently convicted and the circuit court imposed and stayed a prison sentence. He was placed on probation.

¶ 8.   On March 16, 2010, this court summarily suspended Attorney Compton's license to practice law in Wisconsin based upon Attorney Compton's criminal convictions.

¶ 9.   On May 6, 2010, the OLR filed a disciplinary complaint in this matter alleging that Attorney Compton committed criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects, in violation of SCR 20:8.4(b).[2]

¶ 10.   In the stipulation Attorney Compton verifies that he understands the misconduct allegations against him and his right to contest those allegations; that he understands the ramifications of the requested discipline in the event the court accepts the stipulation; that he understands his right to consult counsel; and that he is entering into the stipulation knowingly and voluntarily. The stipulation further provides that Attorney Compton is admitting his misconduct and agreeing to the level of discipline sought by the OLR, namely, a two-year suspension of his license to practice law in Wisconsin. The stipulation states further that the parties did not engage in plea bargaining or negotiations.

¶ 11.   With respect to the recommended discipline, the OLR considered Attorney Compton's disciplinary history, court precedent, aggravating and mitigating factors under the ABA *Standards for Imposing Lawyer Sanctions,* and the particular circumstances of this case. ABA Standard 5.12 provides that suspension is generally appropriate when a lawyer knowingly engages in criminal conduct that seriously adversely reflects on the lawyer's fitness to practice law. *See also In*

---

[2] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

re *Disciplinary Proceedings Against Schuh,* 300 Wis. 2d 149, 730 N.W.2d 152 (2007); *In re Disciplinary Proceedings Against Kanera,* 225 Wis. 2d 483, 592 N.W.2d 636 (1999); *In re Disciplinary Proceedings Against Broadnax,* 225 Wis. 2d 440, 591 N.W.2d 855 (1999).

¶ 12. Here, aggravating factors include Attorney Compton's prior disciplinary history, the pattern of misconduct, the potential vulnerability of K.L., and the harm to K.L. Mitigating factors include the fact that Attorney Compton has been "wholly cooperative in this matter," including entering into an agreement admitting his misconduct and agreeing to the level of discipline sought by the OLR. He acknowledged the wrongfulness of his conduct and offered to turn in his law license. He voluntarily entered into a drug treatment program and has expressed remorse for his conduct. The court is advised that Attorney Compton is undergoing voluntary monitoring and as of June 11, 2010, the monitor reported Attorney Compton's continued compliance with the requirements of his monitoring program.

■■

¶ 13. We approve the stipulation and adopt the stipulated facts and legal conclusions of professional misconduct. We agree that a two-year suspension is appropriate and consistent with this court's past practice. We further agree that it is appropriate to order the suspension to commence on March 16, 2010, the date Attorney Compton's law license was summarily suspended by this court. The imposition of a two-year suspension will require Attorney Compton to complete successfully the formal reinstatement process in order to regain his license to practice law in Wisconsin. *See* SCRs 22.29–22.33. In light of the SCR 22.12 stipulation, we do not impose costs.

¶ 14. IT IS ORDERED that the license of Stephen M. Compton to practice law in Wisconsin is suspended for a period of two years, effective March 16, 2010.

¶ 15. IT IS FURTHER ORDERED that to the extent he has not already done so, Stephen M. Compton shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.