In the Matter of Disciplinary Proceedings Against
Benjamin C. Butler, Attorney at Law:

Office of Lawyer Regulation, Complainant,

v.

Benjamin C. Butler, Respondent.

Supreme Court

*No. 2010AP3013–D.—Decided April 4, 2012.*

2012 WI 37

(Also reported in 811 N.W.2d 807.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM. This is a companion case to *In re Disciplinary Proceedings Against Addison,* 2012 WI 38 (No. 2010AP3014–D), which is being released at the same time as this opinion. Both cases involve the same underlying set of facts and one or more criminal convictions arising from those facts. As in that proceeding, we are called upon here to decide whether to impose discipline reciprocal to that imposed by the Supreme Court of Illinois, which in this case would be a 30–day suspension of the license of Attorney Benjamin C. Butler to practice

law in Wisconsin. Although Attorney Butler's admitted conduct, like the conduct of Attorney Stephan Addison, is both unprofessional and unseemly, and although we may have imposed a more severe level of discipline if the Office of Lawyer Regulation (OLR) had prosecuted this matter directly in the first instance rather than filing a reciprocal discipline complaint, given the standards in our rules that apply to reciprocal discipline situations, we determine that we must impose the same 30–day license suspension in this matter as the Supreme Court of Illinois imposed. We do not impose costs on Attorney Butler, given his agreement that reciprocal discipline should be imposed, which obviated the need for the appointment of a referee and the costs of a full disciplinary proceeding.

¶ 2. On December 14, 2010, the OLR filed a formal disciplinary complaint against Attorney Butler requesting the imposition of reciprocal discipline and a motion requesting the court to issue an order to show cause to Attorney Butler. On March 31, 2011, the court ordered Attorney Butler to inform the court of any claim, predicated on the grounds set forth in SCR 22.22(3),[1] why the imposition of discipline identical to

---

[1] SCR 22.22(3) states as follows:

The supreme court shall impose the identical discipline or license suspension unless one or more of the following is present:

(a) The procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process.

(b) There was such an infirmity of proof establishing the misconduct or medical incapacity that the supreme court could not accept as final the conclusion in respect to the misconduct or medical incapacity.

(c) The misconduct justifies substantially different discipline in this state.

3

that imposed by the Supreme Court of Illinois would be unwarranted, and of the factual basis for any such claim. On April 11, 2011, Attorney Butler filed a response stating that he was not making any claim under SCR 22.22(3) and that he was not raising any objection to the imposition of discipline identical to that imposed in Illinois.

¶ 3. Because this matter involves allegations of serious misconduct that occurred in Wisconsin and led to Attorney Butler being criminally convicted in a Wisconsin court following his no-contest plea in December 2006, on September 23, 2011, this court issued an order directing the OLR to advise the court as to why it had chosen in this matter to seek the imposition of reciprocal discipline under SCR 22.22 rather than to conduct its own investigation and pursue its own disciplinary complaint under SCRs 22.11 through 22.16.

¶ 4. The OLR filed a response to the court's order on October 12, 2011. Its response states that it first learned of the criminal charges against Attorneys Butler and Addison in December 2005. It opened grievance investigations against them at that time, but placed those investigations on hold pending the result of the criminal actions in Green Lake County, Wisconsin. The OLR's response indicates that, for a number of reasons, it will commonly place investigations in which there are pending criminal charges on hold until those criminal charges have been resolved.

¶ 5. In this situation, after the OLR received notice of the convictions and sentences imposed on Attorneys Butler and Addison in December 2006, it reopened its investigations. Approximately one month later, however, it was notified that the Illinois Attorney Registration and Disciplinary Commission (the Illinois Commission) had also opened a grievance investigation

4

against Attorneys Butler and Addison. The Illinois Commission expressly informed the OLR that it had set aside resources to conduct an investigation that would go beyond the record compiled in the criminal case and that it intended to conduct supplemental interviews of the victim and other witnesses.

¶ 6. The OLR's response states that after it was informed of the Illinois Commission's investigation, the OLR director made the decision to allow the Illinois Commission to take the lead role in investigating the conduct of Attorneys Butler and Addison and in seeking discipline because both attorneys were practicing law primarily in Illinois for Illinois law firms. The OLR further explains that it wanted to avoid the duplicative use of investigatory resources in the two jurisdictions. It states that it is common for it and other lawyer regulatory agencies in other jurisdictions to allow the "primary jurisdiction," i.e., the jurisdiction in which the attorney is primarily practicing, to investigate and impose discipline in the first instance, with the other applicable jurisdictions then seeking the imposition of reciprocal discipline.

¶ 7. The OLR's response further asserts that it communicated periodically with the Illinois Commission during the more than three years in which the Illinois Commission conducted its investigation and its prosecution of the Illinois disciplinary action. The OLR notes that it was ultimately able to review the more than 1,700 pages of discovery from the criminal actions that Attorneys Butler and Addison provided to the Illinois Commission, plus copies of a video discovery deposition of a witness, the discovery depositions of the two respondent attorneys, expert witness information, and other video and audio evidence. In addition, the Illinois Commission provided to the OLR another 1,400

5

pages of documents from its own investigation. The OLR asserts that, following the conclusion of the Illinois disciplinary proceeding, it reviewed and evaluated these voluminous documents before it reached the determination not to conduct its own investigation and instead to seek the imposition of reciprocal discipline.

¶ 8. Because the record in this proceeding still did not contain information regarding the factual basis for the felony to which Attorney Butler pled no contest, we issued a second order directing the OLR to state the factual basis for the felony charge and to provide public documents from the criminal case that related to the factual basis. The OLR's response contained a stipulation filed in the Green Lake County action at the time Attorney Butler entered his plea to a reduced charge, as well as the transcripts of the plea and sentencing hearings. The content of the criminal stipulation will be discussed later in this opinion.

¶ 9. Given that this matter has been presented to us in the context of a request for the imposition of reciprocal discipline, we are constrained to follow the rules that we have adopted for such proceedings. *See* SCR 22.22. We therefore shall impose the identical discipline imposed in the other jurisdiction unless we determine that one of the three exceptions set forth in SCR 22.22(3) applies. In assessing whether one of those exceptions applies, we further are limited to the record in this matter, which primarily consists of the OLR's complaint, the documents from the Illinois disciplinary proceeding that have been filed by the OLR, and the documents relating to Attorney Butler's no contest plea in the Green Lake County criminal action that have also been submitted by the OLR. In particular, the stipulations entered in the Green Lake County criminal

6

case and in the Illinois disciplinary proceeding are the only sources *in the record of this proceeding* of facts that have been proven or stipulated regarding the underlying events. The factual recitation that follows is primarily taken from those stipulations.

¶ 10. Attorney Butler was admitted to the practice of law in Wisconsin in August 2004. He was also admitted to the practice of law in Illinois in 2004. Attorney Butler initially practiced law in Illinois with a large Chicago firm, but was required to resign as a result of his criminal conviction, which is described below. As of the time of the stipulation in the Illinois disciplinary proceeding, Attorney Butler was operating a solo legal practice in Chicago and was associated with a law firm there as an independent contractor. His license to practice law in Wisconsin is currently administratively suspended for failure to comply with mandatory continuing legal education (CLE) reporting requirements and for failure to pay bar dues and assessments. He has not previously been the subject of professional discipline.

¶ 11. Prior to August 5, 2005, Attorney Butler made plans with Attorney Addison, a law school classmate, for a weekend reunion at a summer house in Green Lake, Wisconsin, that was owned by Attorney Addison's family. On Friday, August 5, 2005, Attorneys Butler and Addison picked up supplies for the weekend, including alcoholic beverages such as beer, vodka, and whiskey. From that Friday afternoon through the daytime hours of Saturday, Attorneys Butler and Addison and their friends socialized and drank alcohol. At approximately 11:00 p.m. on August 6th, they drove to a tavern in Green Lake, where they consumed additional alcoholic beverages. At approximately 1:00 a.m. on Sunday, August 7th, the group drove to another tavern in Ripon, where they continued to consume alcoholic beverages.

7

¶ 12. Shortly before the 2:00 a.m. bar closing time, Attorney Addison met a woman, D.P., on the dance floor. After the bar closed, D.P. agreed to drive Attorneys Addison and Butler back to Green Lake to the Addison summer house.

¶ 13. The Illinois stipulation of facts continues that a few blocks from the Addison summer home, D.P. pulled her car into a boat landing and placed the vehicle in park. The stipulation does not provide details of what occurred next. It merely states that Attorney Butler, "while intoxicated, engaged in sexual activity with [D.P.] while both were on the hood of a motor vehicle that was parked on a public boat ramp in Green Lake, Wisconsin." D.P. subsequently complained to the police about the actions of Attorneys Butler and Addison, and Attorney Butler gave a statement to law enforcement in response to her complaint.

¶ 14. The State of Wisconsin initially charged Attorney Butler with three criminal offenses in Green Lake County circuit court: first-degree sexual assault, as party to a crime; false imprisonment; and misdemeanor battery. *State v. Butler*, Green Lake County Case No. 05CF91.

¶ 15. Ultimately, the State filed an amended information that charged Attorney Butler with one count of felony second-degree reckless endangerment, contrary to Wis. Stat. § 941.30(2). Attorney Butler then pled no contest to the single count set forth in the amended information. The stipulation in the criminal case set forth the factual basis for the second-degree reckless endangerment charge as follows:

> As a factual basis for the acceptance of the Defendant's plea, the parties stipulate and agree that on August 7, 2005 in Green Lake County, Wisconsin,

Mr. Butler and Mr. Addison engaged in physical contact with [D.P.] in such a manner that [D.P.'s] safety was endangered and that she could have been injured while having contact with the defendants on the hood of an automobile from which she could have fallen.

¶ 16. The circuit court imposed and stayed a sentence of 18 months of initial confinement and 24 months of extended supervision. The court placed Attorney Butler on probation for a period of three years and ordered him to complete 300 hours of community service. According to the Report and Recommendation of the Illinois Commission's Hearing Board,[2] Attorney Butler completed his community service by providing pro bono legal services to a number of non-profit agencies. Indeed, he provided more than 300 additional hours of pro bono work beyond the 300 hours that were required of him. Attorney Butler was released from probation in December 2009.

¶ 17. A disciplinary proceeding was initiated against Attorney Butler in Illinois as a result of his actions in August 2005 and his subsequent criminal conviction. Attorney Butler ultimately entered into a stipulation in that proceeding setting forth the facts described above and requesting the imposition of a 30–day suspension of his Illinois law license as discipline for his misconduct. The Illinois Hearing Board accepted the stipulation and recommended that Attorney Butler's Illinois law license be suspended for 30 days for professional misconduct that consisted of (1) violating Rule 8.4(a)(3) of the Illinois Rules of Professional Conduct (IRPC) by committing a criminal act that reflects adversely on his honesty, trustworthi-

---

[2] This opinion will refer to these items and entities, respectively, as "the Illinois Report" and the "Illinois Hearing Board."

ness or fitness as a lawyer in other respects; (2) engaging in conduct that is prejudicial to the administration of justice, in violation of IRPC Rule 8.4(a)(5); and (3) engaging in conduct which tends to defeat the administration of justice or bring the courts or legal profession into disrepute, in violation of Illinois Supreme Court Rule 770.

¶ 18. The Illinois Report also included some stipulated evidence offered in mitigation. Specifically, the Illinois Report noted that Attorney Butler had not been previously disciplined, had expressed great remorse and shame, and had cooperated with the Illinois disciplinary process. The Illinois Report also stated that if the matter had proceeded to a contested hearing, Attorney Butler would have presented character witness testimony from at least six witnesses, including a former University of Wisconsin Law School professor and other attorneys familiar with his work and his reputation as an honest and truthful lawyer. The Illinois Report indicated that no aggravating evidence had been offered.

¶ 19. The Illinois Hearing Board stated Attorney Butler should receive a slightly shorter suspension than Attorney Addison because he was convicted of a lesser number of criminal offenses.

¶ 20. The Supreme Court of Illinois accepted the recommendation of the Illinois Hearing Board and suspended Attorney Butler's license to practice law in that state for 30 days.

¶ 21. The OLR's complaint in this matter asks that Attorney Butler's license to practice law in Wisconsin be suspended for an identical period of 30 days as reciprocal discipline under SCR 22.22(3). As noted above, Attorney Butler does not object to the OLR's request.

¶ 22. The initial allegations made against both Attorney Addison and Attorney Butler in the respective criminal complaints against them were extremely troubling. Those allegations, however, have not been proven, and we are bound by the facts as they have been proven or stipulated in the record before us. In the criminal action the state eliminated any charge of sexual assault, false imprisonment, or battery. Thus, there is no finding of fact in any proceeding, whether criminal or disciplinary, in this state or in Illinois, that Attorney Butler engaged in sexually assaultive conduct. Although Attorney Butler was convicted of a felony that involves placing another person in danger of death or great bodily harm, the stipulated factual basis for that crime was that Attorney Butler's contact with the victim created a risk that she might have fallen off the hood of an automobile and become injured. While the Illinois Hearing Board properly concluded that the criminal charge to which Attorney Butler ultimately pled no contest is a serious matter that reflects adversely on his trustworthiness or fitness as a lawyer in other respects, we must base our decision on these facts as they have been stipulated and not on what the factual findings might possibly have been.

¶ 23. Moreover, it is important to remember that this matter is being presented to us in the context of a reciprocal discipline matter, not as a review of a referee's report or a stipulation in the first instance. As commonly occurs in such situations, the OLR allowed the Illinois Commission to take the lead in investigating and prosecuting Attorney Butler's professional misconduct because Illinois was his primary place of practice and Illinois committed significant resources to investigating the matter. According to the OLR, it maintained communication with the Illinois Commission through-

out the three-year pendency of the Illinois investigation and disciplinary proceeding. In addition, it reviewed the voluminous documents provided by the Illinois Commission before it ultimately determined to seek the imposition of reciprocal discipline.

■

¶ 24. In a reciprocal discipline matter our rules require us to impose the identical discipline rendered by the other jurisdiction unless one of the three listed exceptions applies. Keeping in mind that the OLR has not asserted that Attorney Butler's conduct requires a substantially different level of discipline in this state, *see* SCR 22.22(3)(c), we do not find that any exception applies. Consistent with our rules, therefore, we impose a 30–day suspension of Attorney Butler's license to practice law in Wisconsin, as discipline reciprocal to that imposed in Illinois.[3] In order to have his license to practice law in this state reinstated, Attorney Butler will not only need to comply with the provisions for reinstating a license following a disciplinary suspension of less than six months, he will also need to take the required steps for reinstatement following a suspension for failure to comply with CLE reporting requirements and for reinstatement following a suspension for failure to pay bar dues and assessments. Finally, because Attorney Butler agreed to the imposition of reciprocal

[3] "Although generally the minimum length of a suspension of an attorney's license in this state is 60 days, in reciprocal discipline cases we will impose a 30–day suspension when doing so makes the discipline identical to that imposed in the other jurisdiction." *In re Disciplinary Proceedings Against Crandall,* 2008 WI 112, ¶ 24 n.3, 314 Wis. 2d 33, 754 N.W.2d 501; *see also In re Disciplinary Proceedings Against Grady,* 188 Wis. 2d 98, 523 N.W.2d 564 (1994); *In re Disciplinary Proceedings Against Nora,* 173 Wis. 2d 660, 495 N.W.2d 99 (1993).

discipline and it was not necessary to appoint a referee or incur the costs of a full disciplinary proceeding, we do not require him to pay the costs of this proceeding.

¶ 25. IT IS ORDERED that the license of Benjamin C. Butler to practice law in Wisconsin is suspended for a period of 30 days, effective as of the date of this order.

¶ 26. IT IS FURTHER ORDERED that Benjamin C. Butler shall comply with the requirements of SCR 22.26 pertaining to the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 27. ANN WALSH BRADLEY, J., withdrew from participation.

¶ 28. PATIENCE DRAKE ROGGENSACK, J. (*dissenting*). I dissent because I would reject the parties' stipulation asking this court to suspend Benjamin C. Butler's license to practice law in Wisconsin for 30 days as reciprocal discipline to that imposed by Illinois for his admitted acts of criminal conduct that occurred in Wisconsin, and I would require the Office of Lawyer Regulation (OLR) to apply Wisconsin's Rules of Professional Conduct for Attorneys to Attorney Butler's misconduct.

¶ 29. Attorney Butler's conviction was the result of a plea bargain. The criminal act which he admitted committing constitutes one count of second-degree reckless endangerment, contrary to Wis. Stat. § 941.30(2), which is a Class G felony.

¶ 30. In order to accept a plea and convict a defendant of second-degree reckless endangerment, the circuit court must determine that there are facts sufficient to prove that (1) Attorney Butler endangered the safety of another human being; and (2) he did so by criminally reckless conduct. *See* Wis JI—Criminal 1347. "Criminal recklessness" is defined in Wis. Stat. § 939.24(1) as

conduct that "creates an unreasonable and substantial risk of death or great bodily harm to another human being and the actor is aware of that risk."

¶ 31. Supreme Court Rule (SCR) 22.22(3) directs this court in reciprocal discipline matters to impose identical discipline to that imposed by another state *unless* the misconduct justifies substantially different discipline in this state. SCR 22.22(3)(c). It seems probable that creating an "unreasonable and substantial" risk of great bodily harm when the defendant "is aware of that risk" would have resulted in more than a 30–day license suspension if OLR had begun its own investigation in light of SCR 20:8.4(b),[1] rather than relying on the judgment of the State of Illinois.

¶ 32. My conclusion is supported by discipline meted out for past criminal convictions, which we have held violate SCR 20:8.4(b). *See In re Disciplinary Proceedings Against Compton,* 2010 WI 112, ¶¶ 1, 7, 329 Wis. 2d 318, 787 N.W.2d 831 (two years suspension based on conviction of possession of narcotic drugs, a Class I felony, and bail jumping, a Class H felony, based on the use of those drugs); *In re Disciplinary Proceedings Against Soldon,* 2010 WI 27, ¶¶ 1, 6, 324 Wis. 2d 4, 782 N.W.2d 81 (six months suspension based on retail theft read-in and conviction of fleeing a law enforcement officer, a Class I felony); *In re Disciplinary Proceedings Against George,* 2008 WI 21 ¶¶ 3, 30, 308 Wis. 2d 50, 746 N.W.2d 236 (four years and three months suspension based on federal conviction of con-

---

[1] SCR 20:8.4 provides in relevant part: "It is professional misconduct for a lawyer to:

. . .

(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects[.]"

spiracy to commit offenses against federal programs in violation of 18 U.S.C. § 371); *In re Disciplinary Proceedings Against Gral,* 2007 WI 22, ¶¶ 1, 4, 299 Wis. 2d 160, 727 N.W.2d 495 (suspension of three years based on federal conviction of mail fraud).

¶ 33. In my view, a conviction based conduct that creates an unreasonable and substantial risk of great bodily harm when the defendant is aware of that risk is at least as serious as the crimes that form the bases for the suspensions above. Because I conclude that the convictions at issue here would justify substantially different discipline in Wisconsin than has resulted in Illinois and that SCR 22.22(3)(c) requires this court to reject the parties' stipulation on that basis, I respectfully dissent.

¶ 34. I am authorized to state that Justice N. PATRICK CROOKS joins in this dissent.