# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP366-D |
| COMPLETE TITLE: | In the Matter of Disciplinary Proceedings Against Maria J. Schreier, Attorney at Law: <br><br> Office of Lawyer Regulation, <br>            Complainant, <br>      v. <br> Maria J. Schreier, <br>            Respondent. |

DISCIPLINARY PROCEEDINGS AGAINST SCHREIER

| | |
|---|---|
| OPINION FILED: | April 30, 2013 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | |
| COUNTY: | |
| JUDGE: | |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

| | |
|---|---|
| ATTORNEYS: | |

**2013 WI 35**

No.   2012AP366-D

STATE OF WISCONSIN            :        IN SUPREME COURT

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

**In the Matter of Disciplinary Proceedings Against Maria J. Schreier, Attorney at Law:**

**Office of Lawyer Regulation,**

            **Complainant,**

      **v.**

**Maria J. Schreier,**

            **Respondent.**

**FILED**

**APR 30, 2013**

Diane M. Fremgen
Clerk of Supreme Court

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶1   PER CURIAM. We review the report filed by the referee, Reserve Judge John B. Murphy, recommending that the court suspend Attorney Maria J. Schreier's license to practice law in this state for a period of two years for 20 counts of

misconduct. Because no appeal has been filed, we review the referee's report and recommendation pursuant to SCR 22.17(2).[1]

¶2 We approve and adopt the referee's findings of fact and conclusions of law. However, we disagree with the referee as to the appropriate sanction. We conclude that the appropriate discipline for Attorney Schreier's misconduct is a 30-month suspension of her law license rather than the two-year suspension recommended by the referee. We further conclude that conditions must be imposed on any future reinstatement of Attorney Schreier's license related to her rehabilitation from alcohol and drug addiction. We agree with the referee that a portion of the costs of the proceeding, $1,403.04, should be assessed against Attorney Schreier.

¶3 Attorney Schreier was admitted to practice law in Wisconsin in 1997. The most recent address Attorney Schreier has on file with the State Bar of Wisconsin is in Montello, Wisconsin, but the address she lists on the proceedings in this case is in Roslindale, Massachusetts. Her license to practice law in Wisconsin is currently suspended for nonpayment of dues and noncompliance with continuing legal education requirements.

---

[1] SCR 22.17(2) states:

> If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

Her license had been suspended from February 26, 2004, to September 29, 2011, for her failure to cooperate with the Office of Lawyer Regulation's (OLR) efforts to investigate her.

¶4 The misconduct claims in this case stem from the following matters:

- Attorney Schreier's 14 criminal convictions between 2008 and 2011, listed below, and her failure to report them to the OLR and the Wisconsin Supreme Court clerk.

  o Four counts of operating while under the influence (two misdemeanors and two felonies).

  o Three counts of misdemeanor resisting or obstructing an officer.

  o Two counts of misdemeanor hit and run.

  o One count of misdemeanor cocaine possession.

  o One count of misdemeanor operating while revoked.

  o One count of misdemeanor bail jumping.

  o One count of felony second-degree recklessly endangering safety.

  o One count of misdemeanor disorderly conduct.

- Attorney Schreier's municipal citation for retail theft.

- Attorney Schreier's non-cooperation with the OLR's inquiries into the following three matters:

  o Overdrafts of her trust account totaling $66.37.

  o A client grievance.

  o Police reports that referenced drug paraphernalia and cocaine in her residence.

¶5  It is undisputed that much of the misconduct at issue in this case was a by-product of Attorney Schreier's substance abuse problems during the time period in question.

¶6  The OLR filed a complaint against Attorney Schreier on February 21, 2012.  Based on the misconduct described above, the OLR's complaint alleged the following 20 claims of misconduct:

- Three counts of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.  See SCR 20:8.4(c).[2]

- Seven counts of committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.  See SCR 20:8.4(b).[3]

- One count of both engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer.  See SCR 20:8.4(c) and SCR 20:8.4(b).

---

[2] SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[3] SCR 20:8.4(b) states it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; . . . ."

4

- Six counts of failing to timely notify the OLR of convictions. <u>See</u> SCR 21.15(5)[4] enforced via SCR 20:8.4(f).[5]

- Three counts of failing to cooperate with an OLR investigation. <u>See</u> SCRs 22.03(2) and 22.03(6),[6] enforceable via SCR 20:8.4(h).[7]

---

[4] SCR 21.15(5) provides as follows:

An attorney found guilty or convicted of any crime on or after July 1, 2002, shall notify in writing the office of lawyer regulation and the clerk of the Supreme Court within 5 days after the finding or conviction, whichever first occurs. The notice shall include the identity of the attorney, the date of finding or conviction, the offenses, and the jurisdiction. An attorney's failure to notify the office of lawyer regulation and clerk of the supreme court of being found guilty or his or her conviction is misconduct.

[5] SCR 20:8.4(f) says it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

[6] SCRs 22.03(2) and (6) state:

(2) Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

¶7  In March 2012, prior to the appointment of a referee, Attorney Schreier and the OLR entered into a stipulation agreement.  The parties stipulated that Attorney Schreier's misconduct gave rise to the counts alleged in the complaint. They stipulated to a one-year suspension of Attorney Schreier's law license.  The stipulation did not recommend the imposition of conditions upon any future reinstatement of Attorney Schreier's Wisconsin law license.

¶8  In a June 28, 2012 order, this court reviewed the parties' stipulation and rejected it, explaining:

> After our independent review of the matter, we reject the SCR 22.12 stipulation.  We determine that the very serious and extensive nature of Attorney Schreier's professional misconduct warrants considerably more than a one-year suspension of her license to practice law in this state.  We further determine that in addition to a considerably longer license suspension, Attorney Schreier's professional misconduct requires the imposition of conditions directed to her rehabilitation from her demonstrated substance abuse problems.  We believe that this is a necessary step to ensure Attorney Schreier's rehabilitation and to protect the public given that

---

. . .

(6) In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance.

[7] SCR 20:8.4(h) states it is professional misconduct for a lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

6

the use of controlled substances played a substantial role in the misconduct to which Attorney Schreier stipulated.

¶9 Pursuant to SCR 22.12(3),[8] this court ordered the appointment of a referee and further ordered that the matter proceed as a complaint filed without a stipulation.

¶10 A referee was appointed and the parties entered into a second stipulation. In the parties' second stipulation, Attorney Schreier again admitted to all counts of misconduct alleged in the OLR's complaint. The stipulation also explained that Attorney Schreier currently is on probation for her past criminal activity, has completed all periods of incarceration, has paid all fines and court costs, has paid all of the restitution owed to the victims of her criminal vehicular operation, and has maintained absolute sobriety from alcohol and drugs for over three years. The parties stipulated to a two-year license suspension. Notwithstanding the above-quoted language from this court's June 2012 order, the parties' stipulation did not recommend the imposition of conditions upon any future reinstatement of Attorney Schreier's Wisconsin law license.

¶11 On November 14, 2012, the referee filed a report and recommendation based on the parties' second stipulation. The referee issued findings of fact, conclusions of law, and a

---

[8] SCR 22.13(3) states as follows: "If the supreme court rejects the stipulation, a referee shall be appointed and the matter shall proceed as a complaint filed without a stipulation."

disciplinary recommendation consistent with the parties' stipulation: a two-year suspension, with no conditions precedent for reinstatement. In a later filing, the referee recommended, consistent with the OLR's recommendation, that Attorney Schreier pay $1,403.04 in costs, which consists of the referee's and OLR counsel's fees and costs incurred after this court's rejection of the parties' first stipulation.

¶12 No appeal was filed from the referee's report and recommendation, so the court reviews this matter pursuant to SCR 22.17(2).

¶13 This court will adopt a referee's findings of fact unless they are clearly erroneous. Conclusions of law are reviewed de novo. See In re Disciplinary Proceedings Against Eisenberg, 2004 WI 14, ¶5, 269 Wis. 2d 43, 675 N.W.2d 747. The court may impose whatever sanction it sees fit regardless of the referee's recommendation. See In re Disciplinary Proceedings Against Widule, 2003 WI 34, ¶44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶14 We adopt the findings of fact and conclusions of law to which the parties have stipulated, and as adopted by the referee. The factual findings are supported by the record, and we agree with the referee that those factual findings demonstrate that Attorney Schreier committed each of the 20 counts of professional misconduct alleged in the complaint.

¶15 We further decide, contrary to the referee's recommendation, that a 30-month license suspension is appropriate. Attorney Schreier's list of misdeeds is considerable, and many of them, by themselves, could have led to

a significant suspension. For example, though there are no exact matches to the facts of this case, prior cases involving drug use have warranted substantial suspensions. See, e.g., In re Disciplinary Proceedings Against Compton, 2010 WI 112, 329 Wis. 2d 318, 787 N.W.2d 831 (two-year suspension based on convictions for felony possession of heroin and felony bail jumping, with misdemeanor charges for possession of cocaine and possession of drug paraphernalia dismissed and read-in for sentencing); In re Disciplinary Proceedings Against Broadnax, 225 Wis. 2d 440, 591 N.W.2d 855 (1999) (two-year suspension for using cocaine while subject to order not to do so, misappropriating slightly less than $1,000 from his former law firm, and stealing several compact discs from an employee of his former law firm). In addition, this court has imposed significant discipline for past criminal convictions. See In re Disciplinary Proceedings Against Soldon, 2010 WI 27, 324 Wis. 2d 4, 782 N.W.2d 81 (six-month suspension after misdemeanor convictions of retail theft and felony conviction of fleeing a law enforcement officer); In re Disciplinary Proceedings Against George, 2008 WI 21, 308 Wis. 2d 50, 746 N.W.2d 236 (suspension of four years and three months after federal conviction of conspiracy to commit offenses against federal programs in violation of 18 U.S.C. § 371); In re Disciplinary Proceedings Against Burke, 2007 WI 46, 300 Wis. 2d 198, 730 N.W.2d 651 (two-year suspension after felony conviction of misconduct in public office and misdemeanor conviction of obstructing an officer); In re Disciplinary Proceedings Against Gral, 2007 WI 22, 299

Wis. 2d 160, 727 N.W.2d 495 (three-year suspension after federal conviction of mail fraud); In re Disciplinary Proceedings Against Sostarich, 2005 WI 97, 282 Wis. 2d 712, 698 N.W.2d 711 (18-month suspension after conviction of conspiracy to commit offenses involving federal program funds).

¶16 While all of Attorney Schreier's criminal convictions are troublesome, one is particularly so: Attorney Schreier's conviction for second-degree reckless endangerment contrary to Wis. Stat. § 941.30(2), a Class G felony. By definition, this conviction was based on conduct that Attorney Schreier knew created an unreasonable and substantial risk of great bodily harm. See Wis JI-Criminal 1347; Wis. Stat. § 939.24(1). By any measure, that is a serious crime. Combining that felony with Attorney Schreier's long list of other convictions, it becomes clear that for several years, Attorney Schreier had a habitual disregard for the law and her obligations as an attorney. A two-year suspension risks unduly depreciating the seriousness of Attorney Schreier's professional misconduct. A 30-month suspension is more appropriate.

¶17 We turn now to the issue of conditions. There is no dispute that much of Attorney Schreier's misconduct at issue in this case was a by-product of substance abuse problems. There also is no dispute that Attorney Schreier has made rehabilitative strides through her personal efforts in Massachusetts, where she currently resides. The record indicates, for example, that she has received treatment for her substance abuse issues, that she does volunteer work, and that

10

she has entered into an agreement with the Massachusetts Lawyers Concerned for Lawyers program——a program which we understand provides services for lawyers dealing with substance abuse issues. However, given the apparent severity of Attorney Schreier's previous substance abuse issues, and in order to ensure that Attorney Schreier does not lapse into a repetition of the misconduct that led to the instant suspension, we order that Attorney Schreier must demonstrate compliance with the following requirements as a condition of any future reinstatement of her Wisconsin law license:

- Compliance with all treatment recommendations of any substance abuse treatment provider;

- Abstinence from all alcohol and other mood-altering substances;

- Abstinence from over-the-counter medications that contain alcohol or mood-altering substances; and

- Regular participation in a community-based support group such as Alcoholics Anonymous, including obtaining documentation of attendance.

¶18 Finally, we turn to the issue of costs. Both the OLR and the referee recommend that Attorney Schreier pay $1,403.04 in costs, which represents the referee's and the OLR counsel's costs after this court's rejection of the parties' first stipulation. We agree with the OLR and the referee that, on the facts of this particular case, this court's rejection of the parties' first stipulation was an extraordinary circumstance justifying a reduction in costs. See SCR 22.24(1m).

11

¶19 IT IS ORDERED that the license of Maria J. Schreier to practice law in Wisconsin is suspended for a period of 30 months, effective the date of this order.

¶20 IT IS FURTHER ORDERED that, as a condition of any future reinstatement of her license to practice law in Wisconsin, Maria J. Schreier must demonstrate compliance with the following requirements:

A) Compliance with all treatment recommendations of any substance abuse treatment provider;

B) Abstinence from all alcohol and other mood-altering substances;

C) Abstinence from over-the-counter medications that contain alcohol or mood-altering substances; and

D) Regular participation in a community-based support group such as Alcoholics Anonymous, including obtaining documentation of attendance.

¶21 IT IS FURTHER ORDERED that within 60 days of the date of this order, Maria J. Schreier shall pay $1,403.04 in costs to the Office of Lawyer Regulation.

¶22 IT IS FURTHER ORDERED that to the extent she has not already done so, Maria J. Schreier shall comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶23 IT IS FURTHER ORDERED that compliance with all conditions of this decision is required for reinstatement. See SCR 22.29(4)(c).

12